LAWRENCE vs. EMBREE.

*In the Matter of The Estate of* JANE LIVESAY, *deceased.*

GENERALLY, when no time of payment is named in a will, legacies are not due
  until the lapse of a year from the death of the testator, and they do not begin
  to earn interest until they are due.   The provisions of the Revised Statutes
  as to the payment of debts and legacies have not altered this rule, and a
  delay in the probate does not deprive the legatees of interest on their legacies
  after the expiration of a year from the testator's decease.
Annuities are considered as commencing to run at the testator's death, and the
  first payment as due at the end of the year.   A bequest of the interest, divi-
  dends, or other income of a certain sum to be invested by the executors, does
  not begin to carry interest until the end of the year, at which time the invest-
  ment ought to be made.
Where there is a gift for life of the income of the residue, without any direction
  to invest, the tenant for life is entitled to the income from the testator's death
  on such investments as were then made, or as were subsequently made
  within the year, together with interest on the amount not invested, valued as
  at the time of the testator's decease.

THE SURROGATE.—By the fifth clause of her will, the tes-
tatrix gave to her nephew and his wife and the survivor of
them " the interest, dividends, or other income of two thou-
sand five hundred dollars," for and during their joint lives,
and the life of the survivor of them, and after their decease
the principal sum to their children then living.   There are
numerous other bequests of life estates of the same character
contained in the will, and the question arises whether the
interest or income began to run on the decease of the tes-
tatrix.   Generally, when no time of payment is named,
legacies are not due until the lapse of a year from the death
of the testator, and of course do not begin to earn interest
until they become due.   But annuities are considered as com-
mencing from the death of the testator, and the first payment

as due at the expiration of the year. (*Gibson* vs. *Bott*, 7 *Vesey*, 96–7; *Fearns* vs. *Young*, 9 *Vesey*, 553; *Stamper* vs. *Pickering*, 9 *Sim.*, 176.) There may be some ground for applying the reason of this rule to the legacies of the interest and income of certain specified sums, but in examining the cases, I do not perceive that any distinction has been recognized between bequests of income and general legacies. This will contains a clause authorizing the executors to invest the trust moneys, " the interest whereof is payable during the life time of several of the before named legatees, and the principal to others upon their respective deaths, either in bonds and mortgages or in stocks," and there is no specified time when to make these investments, so that the general rule of allowing a year to make the investment would seem applicable. Taking the bequest and this provision together, it would amount to a legacy of $2,500 to the executors in trust to invest and pay the income for life to the first takers, and the principal, on their decease, to their children, and in such a case the sum given would not begin to earn interest until the expiration of the year.

By the twenty-sixth clause of the will, Anna Buckley and John B. Lawrence, sister and brother of the testatrix, are constituted residuary legatees; but by a codicil, the estate of the sister is cut down to " the interest, dividends, and other periodical income " of one half " during the residue of her natural life," and the remainder is given over to her descendants. There is no direction to convert and invest in this connection, and the tenant for life is entitled to the income from the death of the testator, not only on such investments as were then made in accordance with the duty of an executor as to making investments, but also on such as have been made within the year. If any amount remained uninvested, interest is to be allowed on the valuation of such portion of the residue, as of the time of the testator's decease. (*Hewitt* vs. *Morris*, 1 *Turn. & Russ.* 241; *La Terriere* vs. *Bulwer*, 2 *Sim.*, 18; *Douglass* vs. *Congreve*, 1 *Keen*, 410; *Williamson* vs. *Williamson*, 6 *Paige*, 298).

The provisions of the Revised Statutes relative to the payment of debts and legacies have not changed the rule as to the payment of interest. The object of the statute was only to allow a specified time for the executor or administrator after taking out letters, to settle the estate, and it was not designed to affect or modify the rights of parties interested in claims or legacies. If a delay in the probate is to deprive legatees of interest on their legacies, because the executor cannot be compelled by the Surrogate to pay before a certain time elapsed after letters issued—a premium for delay and contestation would be awarded, and great injustice be sanctioned by the law. I am quite clear that the rules governing the payment of interest on testamentary bequests remain as they ever were, according to the established principles of courts of law and equity.