# SUPREME COURT.

ALLEN S. CAMPBELL, appellant agt. SAMUEL F. COWDREY
executor, &c. of MARY S. FISH, deceased, respondent.

Where there is no provision in a will specifying the time when a *legacy* shall be
paid, it is payable *one year from the time of granting letters testamentary or
administration.*

But the legatee, in such case, has a right to the *interest on,* the legacy after *one
year from the death of the testator or intestate.* The old rule in equity is still
in force governing the payment of interest in such cases.

*New York General Term, November,* 1865.
*Before* INGRAHAM, *P. J.,* BARNARD *and* LEONARD, *Justices.*

MARY S. FISH died 13th March, 1862, leaving a last will
and testament, dated October 14, 1856, and a codicil, dated
November, 1856. By her will, after devising and bequeath-
ing to the appellant certain real estate, household furniture,
&c., she devises and bequeaths to her executors, and the sur-
vivors of them, all the residue of her estate, real and per-
sonal, in trust, to sell her real estate as soon after her decease
as conveniently may be, and to convert into money all her
personal estate, and until sale of her real estate to collect
the rents thereof, and out of the rents and the proceeds
arising from the sale of her real estate, in the first place, to
pay her debts and funeral expenses as soon after her decease
as conveniently may be, and in the second place, to pay to
the appellant $15,000, which sum she devised and bequeathed
to him, such payment to be made in bank stock at its market
value, or in cash, if appellant so elected; then after giving
$1,000 to Charlotte Smith, a colored woman, she directs
that the residue of her estate be divided into seven equal
parts, and to be distributed among certain persons who were
children and grandchildren of a deceased sister of the tes-
tatrix.

She appoints the respondent and others executors.

By the codicil to her will, she gives and devises to the
appellant, in addition to the above sum of $15,000, the
further sum of $5,000, making altogether the sum $20,000, to

be paid to him in cash before any payment should be made to any person or persons whatsoever.

The will and codicil were propounded for probate by the respondent, on the 26th March, 1862. The probate was opposed and contested by the residuary legatees and devisees. In consequence of such opposition, the will was not admitted to probate until the 29th February, 1864, when letters were issued to respondent, the sole surviving executor.

On the 31st May, 1865, the surrogate, on the application of appellant, issued a citation to the respondent, requiring him to account, or that he admit assets sufficient to pay the legacies to the appellant, with interest from 13th March, 1863, and if he admit sufficient assets, then that he show cause why said legacies and interest should not be paid.

The citation was served on respondent, and on the return day he filed a written admission of sufficient assets, and submitted to the surrogate whether interest on said legacies must be paid from the period commencing at the expiration of one year from March 13, 1862 (the day of the death of Mrs. Fish), or the period commencing at the expiration of one year from February 28th, 1864 (the day letters testamentary were issued.)

The surrogate decided that the appellant was entitled to interest on the legacies from the 1st March, 1865, being one year from the issuing of letters; and denied the application of the appellant for the payment of interest from the 13th March, 1863, being one year from the day of the death of the testatrix (*Opinion of Surrogate, fol.* 61).

An order having been entered in conformity with the decision of the surrogate, the appellant took an appeal to this court, and the respondent answered the petition of appeal.

J. S. LAWRENCE, *counsel for appellant.*

*First.* The surrogate erred in deciding that the appellant was not entitled to interest on the legacies of

$15,000, and $5,000 from a period commencing one year from the decease of the testatrix.

1. Where no time is specified in a will for the payment of a legacy, the rule of law has always been that interest commences to run on the amount of the legacy at the expiration of one year from the death of the testator. (*Williams on Exrs.* 1284; *Dayton on Surrogates,* 465; *Willard on Exrs.* 355; *Lawrence* agt. *Embree,* 3 *Bradford,* 364; *Pearson* agt. *Pearson,* 1 *Schoales and L.* 10; *Gibson* agt. *Bott,* 7 *Vesey,* 96; *Wood* agt. *Penoyer,* 13 *Vesey,* 333.)

2. The statute (3 *R. S.* 177, § 48, 5*th ed.*), which provides that "no legacies shall be paid by any executor or administrator until after the expiration of one year from the time of granting letters testamentary or of administration, unless directed by the will to be sooner paid," has not changed the rule as to the payment of interest on legacies. (*Lawrence* agt. *Embree,* 3 *Bradford,* 364; *Dayton on Surrogates,* 465.)

3. The law of this state prior to the Revised Statutes (*See* 1 *Revised Laws of* 1813, *page* 314, § 18), provided that "when no time was limited by a will for the payment of a legacy, the executor should have the space of one year to discharge the same." So that before the statute, payment of a legacy could not be enforced until after the expiration of the year that the executor had to pay in, and it was not legally payable before that time, and yet the courts allowed legatees interest one year after the death of the testator (*Williamson* agt. *Williamson,* 6 *Paige,* 300).

4. The present statute is merely prohibitory to the executor or administrator against payment within one year, and makes the delay compulsory, whereas by the former law the executor might, at his option, pay within the period. The time when the legacy was legally payable, was the same before and since the statute, that is, one year after the executor receives his letters. The statute does not vary the rights of a legatee under the general rule of law that interest commences to run after the expiration of one year from the death of the testator. The legatee cannot enforce payment

until one year after letters issued, but he can at that time, demand the legacy with all its accretions of interest.

The object of the statute was, as is well stated in *Lawrence* agt. *Embree* (3 *Bradford*, 474), to allow a specified time to the executor or administrator to settle the estate, and was not designed to modify or affect the rights of parties interested in claims or legacies.

5. The law prior to the Revised Statutes also required that in all cases where a legatee received the amount of his legacy, a bond should be delivered to the executor, conditioned for repayments in case debts should afterwards be established beyond the amount of assets in the executor's hands. The Revised Statutes so far changed the law as to require a bond only where the legacy was paid within the year, and the revisers, in their note to the section which prohibits an executor from paying until after the expiration of one year from the issuing of letters, state that they have omitted the provisions requiring a bond after a year, and instead of it, propose to make it the interest of creditors to present their claims early, and to look to the legatees and next of kin in case of any unnecessary delay in presenting claims.

6. The prohibition against payment within one year, unless specially authorized by the will, was therefore intended to prevent the executor from devoting the assets of the estate to the payment of legacies during the time within which creditors had a right to present their claims, and was also designed to prevent the delay which might be occasioned to creditors in case the executor was compelled to resort to an action on his indemnity bond to provide a fund for the payment of creditors, and in no way affects the right of the legatee to receive interest after the lapse of a year from the testator's death. It postpones payment of the legacy, but does not deprive the legatee of any interest which he might have claimed before the passage of the statute.

*Second.* The case of *Bradner* agt. *Faulkner* (2 *Kernan*, 472), which the surrogate in his opinion considers as conclusive against the appellant, is no authority upon the

question before the court. The facts in that case were that a testator died in November, 1850, and letters upon his will were issued 31st December, 1850. By his will, he bequeathed to one of his daughters a legacy of $16,000; and she in January, 1852, applied to the surrogate for an order that the legacy be paid to her, with interest from the time of the death of the testator.

The surrogate decreed payment of interest as applied for, and his decree was affirmed by the supreme court.

On appeal to the court of appeals that court rendered judgment of reversal.

The question before the court was simply whether the legatee was entitled to interest from the death of the testator, and the whole discussion in the opinion is upon the point as to whether there were any provisions in the will which indicated an intention on the part of the testator that the legacy should be payable sooner than at the time fixed by the statute, and the court having arrived at the conclusion that no such intention could be inferred, decided that the legatee was not entitled to interest from the death of the testator, and the judgment of the supreme court was therefore reversed.

7. Justice GARDINER, who delivers the opinion, prefaces it with the remarks that " as the statute prohibits the payment of legacies until one year from the time of granting letters testamentary, and, as the practice of the court prior to the statute allowed the same time to the executor, the decision of the courts below can only be justified by an express direction of the testator for earlier payment, or by some implication from the provisions, of the instrument which shall be equivalent to such direction," and he refers to the statute and to 6 *Vesey*, 539, 540, 548, and 6 *Paige*, 300, 305; but the remarks are only applicable to the question as to the time of payment, and not as to the time when interest commences. The cases cited by the learned judge as authority both establish the principle that interest commences to run upon a legacy one year after the death of the testator, and the chancellor in *Williamson* agt. *Williamson*, (6 *Paige* 300,

says: "As no time was prescribed in the will for the payment of legacies, the executors were right in supposing that they came within the general rule, and that the legatees were not entitled to interest until the expiration of one year from the testator's death."

After his prefatory remarks the learned justice discusses the question as to whether there are any provisions in the will which indicate an intention that the legatee should have interest from the testator's death, and he arrives at the conclusion that there are not, and holds that "the burden is on the legatee to show a clear intent that interest should be paid from the time of the death of the testator; that the courts are not authorized to speculate as to intention or add to the will by mere conjecture."

The case being disposed of on the ground of an absence of intention on the part of the testator to give interest from the time of his death, the remarks of the judge, that "the appellants could rely on the general rule that no interest would accrue until it became the duty of the executors to pay the legacy," are mere dicta, and were not necessary to the decision of the case. The question was not when a legacy commences to draw interest, but whether the legacy in question drew interest from the death of the testator. The case therefore, is not of controlling force and authority as against the claim of the appellant here.

*Third.* But if it is necessary to resort to the provisions of the will to establish the right of the appellant to interest prior to the expiration of one year from the time of issuing letters, then it is submitted that the will and codicil taken together indicate the intention on the part of the testatrix that the legacies should be paid to Campbell prior to the time when by law it became the duty of the executors to pay.

1. The testatrix, by her will, directs that her real estate be sold as soon after her decease as conveniently may be, and her personal estate converted into money.

She then directs that her debts and funeral expenses be paid as soon after her decease as conveniently may be, and

then gives the legacy of $15,000 to the appellant. By the codicil she gives to the appellant " the further sum of $5,000, making altogether the sum of $20,000, to be paid to him in cash, before any payment should be made out of her estate to any person or persons whomsoever.

2. As the appellant was by the codicil preferred as to time of payment to all other persons, and as the testatrix had by her will directed that her debts and funeral expenses be paid as soon after her decease as conveniently might be, it is apparent that she intended that the appellant should receive his legacies almost immediately upon her decease.

Such, therefore, being the intention of the testatrix, it should be carried into effect by the court by giving the appellant the interest claimed.

*Fourth.* The question on this appeal would not have arisen had it not been that the residuary legatees delayed probate by a fruitless contestation of the will. Had there been no contest the expiration of the year from the death of the testatrix, and of the year from issuing letters, would have been at about the same time.

If the claim for interest is disallowed, then the residuary legatees, who have occasioned a delay of two years in issuing letters, are benefited at the expense of the appellant, by receiving the interest for two years on the $20,000 bequeathed to him.

Such was never the intention of the testatrix, and the court will not so far defeat her intention as to reward the unsuccessful opponents of probate with some $2,800 in addition to the residuary estate bequeathed to them.

If such a doctrine is established, then a precedent is furnished which will lead to the contesting of all wills by residuary legatees, and offer a premium for vexatious litigation.

Such a result would be a scandal to the law, and can never be sanctioned by the court.

*Fifth.* The portion of the decree appealed from, denying the petition of the appellant for interest from March 13th, 1863, should be reversed.

Wm. L. Cowdrey, James T. Brady and
Wm. C. Traphagen, *counsel for respondent.*

*First.* There is no direction in the will or codicil when the
legacies shall be paid, except that "Campbell is to be paid
as soon as any other person."

*Second.* The statute does not give the executor authority
to pay a legacy without the expressed direction of the tes-
tator, before one year from the time of granting letters, but
expressly provides that "no legacies shall be paid by any
executor or administrator until after the expiration of one
year from the time of granting letters testamentary or
administration, unless the same are directed by the will to be
sooner paid" (2 *Vol.* 4th ed. *R. S. p.* 275, sec. 48).

*Third.* The general rule as to legacies is "that no interest
would accrue until it became, by law, the duty of the execu-
tor to pay the legacy."

*Fourth.* A legacy is not legally payable until after the
expiration of a year from the granting of letters testamen-
tary, unless the will directs them to be sooner paid, nor do
they draw interest before they become legally payable
(*Bradner* agt. *Faulkner,* 12 *N. Y. page* 472)..

*Fifth.* The order of the surrogate should be affirmed.

*By the court,* Barnard, J. In the absence of an intent,
either express or fairly, to be inferred from the provisions
of the will, it is provided by statute that no legacy shall be
paid until after the expiration of one year from the time of
granting letters testamentary (3 *R. S.* 177, § 48, 5th ed).
The testatrix by her will and the codicil thereto, has given
no evidence of any intention to provide for the payment of
the legacy in question before the time the law makes it pay-
able. She has not said in words that such was her wish or
direction. She has provided first for the payment of her
debts, which cannot be legally ascertained until the expira-
tion of one year from the issuing of letters. The claim of
the appellant for interest upon his legacy from the death of
the testatrix must fail. The negative evidence, from the

silence of the will, and the fair inference from the terms of the will itself, show an absence of the clear intent which must be shown before this interest could legally be claimed. The legacy is not then payable until the expiration of the year from the issuing of letters; but it is claimed that at all events there should be allowed interest on the legacy from the expiration of one year from the death of testatrix. Where the will is silent as to interest upon a legacy, none will accrue until it becomes by law the duty of the executor to pay the legacy (*Bradner* agt. *Faulkner*, 12 *N. Y. Rep.* 472).

The decree of the surrogate must therefore be affirmed, with costs.

INGRAHAM, P. J. I concur in holding that the legatee was not entitled to interest until one year after the death of the testatrix.

I see nothing in the statute, nor in 12 *N. Y. Rep.* 472, to the contrary. In *Williamson* agt. *Williamson* (6 *Paige Rep.* p. 298), the chancellor states the rule to be that the legatees are not entitled to interest until one year after the death of the testatrix.

In *Bradner* agt. *Faulkner* (12 *N. Y. Rep.* 472), the question was whether interest was chargeable on the legacy from the death of the testator. In the opinion, GARDNER, J. says, "we cannot say but that the testator thought $16,000 at the end of *a year*, without interest, equal to the same value in land," which would pass at once. Again, the testator "knew that a year was the reasonable time fixed by law for the payment of the legacy' unless he otherwise directed."

It is evident the attention of the court was not directed to the case of a residuary legatee contesting a will for years where the legacies were large, and where, if the views in the court below are sustained, the residuary estate is increased by the litigation.

I concur with Bradford, surrogate, in *Lawrence* agt. *Embree* (3 *Bradford*, 364), that the object of the statute was only to allow a specified time for the executor to settle the estate, and it was not designed to affect or modify the rights of

parties interested in claims or legacies, and that the old rule in equity, governing the payment of interest, whereby a legatee is entitled to interest after one year from death of the testator, is still in force.

The plaintiff is entitled to interest after one year from the death of the testator.

Concur, WM. H. LEONARD.