ORANGE COUNTY.—HON. GILBERT O. HULSE, SURROGATE.—
OCTOBER, 1869.

### ROGERS *v.* ROGERS.

*In the matter of the Final Settlement of the Estate of* JAMES ROGERS, *deceased.*

A direction in the will that a legacy is to be paid " as soon as conveniently
    may be after my decease," does not entitle it to draw interest from a
    time before the expiration of a year after the issue of letters.

Where there is no sufficient direction to pay the legacy before the year
    expires, the indication of an intent to allow interest before that time
    must be clear, or it cannot be allowed.

THIS was a proceeding for the final settlement of the
estate of James Rogers, deceased. By the will of the
deceased, he gave and bequeathed several legacies,
without mentioning when they were to be paid ; and to
his sisters, Eliza and Susan Rogers, he gave each a
legacy of three thousand ($3,000) dollars, and directed
them " *to be paid to them* (his sisters) *by my executors as
soon as conveniently may be after my decease.*"

He appointed his son, Francis Gregory Rogers, ex-
ecutor, and his said two sisters, Eliza and Susan Rogers,
executrices of his will. They all qualified as such.

The deceased left a large estate, amounting to con-
siderably over two hundred thousand dollars; and at
the time of his death the personal property was in-
vested, drawing interest, and there was ample avail-
able means to pay all general legacies.

One year after the death of the testator, the legacies
to the two sisters were duly paid, they at the time claim-
ing interest thereon from the testator's death, but which
the son, who had charge of the funds, refused to pay,
upon the ground that they were not entitled to interest
upon their legacies until at and after the expiration of

one year from the death of his father, or probate of his will, which question was then reserved, to be brought up on final settlement.

JAMES W. TAYLOR, *for the executors.*

D. A. SCOTT, *special guardian, for minors, and* SUSAN MARIE CELLE, *adult.*

THE SURROGATE—The question for me to decide is, shall Eliza Roger and Susan Rogers be allowed interest on their legacies from the death of James Rogers, or one year thereafter?

At common law, when no time is fixed in the will for the payment of legacies, they are not payable until the expiration of one year from the death of the testator. This rule was for the convenience of the executor, to enable him to convert the estate into money by sales or collections, and to enable him to ascertain the amount of debts owing by the deceased, so that he could know whether there would be assets sufficient to pay the debts, it being unsafe for the executor to pay legacies in all cases before debts. (*Part 2, Redfield on Law of Wills, page* 564; *Cooke* v. *Meeker,* 36 *N. Y.,* 18; *Lawrence* v. *Embree,* 3 *Bradf.,* 364.)

By the provisions of the Revised Statutes of this State, no legacies are to be paid until after the expiration of one year from the time of granting letters testamentary, *unless the same are directed by the will to be sooner paid.* (2 *Rev. Stat.,* 90, § 43.) This statute is in affirmance of the common law, and has not changed the rule as to the time when interest on legacies begins to run. Though the time of payment of the legacy is fixed at one year from the date of the letters, yet interest may, in certain cases, be computed thereon from the death of the testator, and the legacy draw

interest from that time. (*Lawrence* v. *Embree* 3 *Bradf.*, 364 ; *Cooke* v. *Meeker*, 36 *N. Y.*, 18, 23.)

It is insisted by the legatees that the clause in the testator's will "to be paid to them by my executors as soon as conveniently may be after my decease," in reference to their legacies, is a direction within the meaning of the statute, express or implied, that it be paid immediately upon his decease ; and although under the statute payment could not be enforced under a year, yet during the year the legacy draws interest, and that especially it is so implied, as nothing is said as to the payment of any other legacy in his will.

If this question was new, and I had for the first time to adopt a rule in a case like the present, I see no reason why, in justice and equity, the legacies in question should not draw interest from the death of the testator. The property of the deceased was all invested, and bringing in income at the time of his decease, and it continued so to do for a year thereafter. There was a large estate, and only a small indebtedness, and the interest these legacies have been drawing, unless given to the legatees, will go into the residuary.

But, if I am not mistaken, the authorities have settled the rule of law in this case against allowing interest on the legacies until the expiration of one year from the issuing of letters testamentary.

It is laid down in *Redfield on the Law of Wills* (*Part 2d*, *page* 569, § 59, *Sub*. 9,) that, "legacies are payable in one year from the decease of the testator, even when directed to be paid as soon as convenient;" and in Sub. 3, of same section, it is said, "it will make no difference that the executor is directed in the will to pay the legacy as soon as possible," citing: *Wood,* v.

*Penoyre,* (13 *Vesey,* 326, 333, 334); *Martin* v. *Martin,* (6 *Watt's R.* 67.)

In *Williamson* v. *Williamson,* (6 *Paige,* 299), the direction in the will, was, " to be paid as soon as convenient." WALWORTH, Chancellor, says, " As no time was prescribed in the will for the payment of such legacies, except that they should be paid as soon as convenient, the executors were right in supposing that they came within the general rule," that is, payable after the expiration of one year from the granting of letters testamentary.

These authorities, in my opinion, establish the principle, that the language used by the testator, in reference to these two legacies, does not make them payable on the death of the testator. They hold that, " to be paid as soon as possible," or, " to be paid as soon as conveniently may be after my decease," means, " to be paid at the expiration of one year from the granting of letters testamentary."

In the case of *Bradner* v. *Faulkner,* (12 *N. Y.,* 472), the language is, " I do also give and bequeath to my said daughter, Minerva, the sum of $16,000, to be paid to her by my executors, out of my personal estate, as soon as the same can be collected after my decease." The Surrogate, on final settlement, decreed that Minerva was entitled to demand and receive interest on her legacy, from the death of the testator, and directed the executor to pay her the amount of the legacy, and interest from that time.

On appeal, the Supreme Court, at General Term, affirmed the decree of the Surrogate. On appeal to the Court of Appeals, the judgment of the Supreme Court was reversed. GARDNER, Ch. J., says: " As the will is silent upon the subject of *interest,* and as the statute prohibits the payment of legacies until one year from

the time of granting letters testamentary, and as the practice of the court prior to the statute allowed the same time to the executor, the decision of the courts below can only be justified by an express direction of the testator for an earlier payment, or by an implication from the provisions of the instrument which shall be equivalent to such direction."

In the present case, it is not claimed that there is any express direction to pay these legacies until one year from the granting of letters; and under the authorities I have been able to examine, I find no warrant or ground for an implication of that kind.

The testator must have made his will with full knowledge of the law—at all events, I am bound so to presume—and if he intended these legacies to be paid, with interest from his death, he would have said, "with interest from my decease," or words to that effect. His not doing this is a strong presumption that he did not intend the legacies should draw interest from his death. I am not to speculate as to what his intentions were; the intent that the legacy should draw interest must be clear, which is not so in this case, and the burden of proof is upon the legatees.

I must, therefore, reject the claim of interest, and let the estate pay the costs.

Order accordingly.