New York County. — Hon. D. G. ROLLINS, Surrogate. — October, 1884.

Dustan *v.* Carter.

*In the matter of the judicial settlement of the account of* Walter Carter, *as executor of the will of* Caroline A. Dustan, *deceased.*

Notwithstanding that, by 2 R. S., 90, § 43, legacies are, unless the will otherwise directs, not to be paid until after the expiration of one year from the time of granting letters, interest upon a general legacy, in an ordinary case, begins to run at the expiration of one year *from the death of the testator.*

Campbell v. Cowdrey, 31 *How. Pr.*, 172—followed; Bradner v. Faulkner, 12 *N. Y.*, 472—commented upon.

.Upon the judicial settlement of the account of the executor of decedent's will, Matilda Dustan, a legatee named in the will, having filed a claim to be paid interest on her legacy from a date specified, the executor applied to the Surrogate for instructions in the premises.

R. E. Robinson, *for executor.*

George J. Greenfield, *for legatee.*

The Surrogate.—1*st.* The fact that the delay in the distribution of this estate has been solely due to the restrictions imposed by law upon the action of its ex-

ecutor does not, in my judgment, affect the question here submitted for decision, as to the right of the legatees to interest (Hoffman v. Penn. Hospital, 1 *Dem.*, 118; Lawrence v. Embree, 3 *Bradf.*, 364).

*2d.* Should such interest be calculated from a date one year after the issuance of letters testamentary, or did it begin to run at the expiration of a year from decedent's death? This precise question was, in 1865, decided by the Supreme Court, at the New York General Term (see Campbell v. Cowdrey, 31 *How. Pr.*, 172). It was there held that, upon legacies such as are now under consideration, interest began to run after the lapse of one year from the death of the testator who bequeathed them. No appeal was taken from that decision, and I cannot find that, in any case since reported, it has been overruled, criticised, or even cited. Indeed, the question upon which it passes seems to have been, in no other instance, submitted for the determination of any of our appellate tribunals. It is true that those tribunals have, on several occasions, been called upon to decide whether, by the terms of some particular will, at the time the subject of consideration, a legatee was entitled to interest from the death of his testator, or from some later period; and that, in discussing that question, they have chanced to use language broad enough to cover, though manifestly not intended to cover, the very matter here in controversy. Thus, in Bradner v. Faulkner (12 *N. Y.*, 472), it was claimed, by counsel for the respondents, that the beneficiary of a certain bequest was entitled, under a testator's will, to interest from testator's death. This view had

been sustained by the Surrogate, and by the Supreme court; but, in holding that the judgment below must be reversed, GARDINER, Ch. J., pronouncing the opinion of the Court of Appeals, after referring to the provisions of the statute forbidding the payment of legacies "until after the expiration of one year from the time of granting letters testamentary, or of administration" (R. S., part 2, ch. 6, tit. 3, § 43; 3 *Banks, 7th ed.,* 2300), said: "They" (the appellants) "can rely upon the general rule, that no interest would accrue until it became, by law, the duty of the executors to pay the legacy." These words, taken in connection with the context, are fairly enough translated, in the reporter's head note, as a declaration by the court that "legacies are not payable until after the expiration of a year from the granting of letters testamentary, unless the will direct them to be sooner paid," and that, "unless the will so directs, a legacy does not draw interest before it becomes legally payable;" and yet it is plain that, in using the words just quoted from Judge GARDINER's opinion, the court simply intended to decide that the respondents were *not,* by the terms of the will, entitled to interest *from the decedent's death.* This basis for calculating interest being rejected, the one which, for aught that appears upon careful scrutiny of the case, presented itself to the minds of the counsel and the court alike, as the *only* alternative, was the allowance of interest *from the expiration of a year after the grant of letters.* There seems to have been no such contention, on the part of the respondents, as that which was afterwards successfully urged in Campbell v. Cowdrey, that in-

terest might justly be claimed from the close of the year succeeding the testator's death.   Judge INGRAHAM, pronouncing the opinion of the court in the case just cited, referred to the language of the Court of Appeals in Bradner v. Faulkner, and held that, upon the very question which is now submitted for my own determination, it was not, and was not intended to be, decisive.   This criticism seems to me to be just, and to be fully applicable, also, to the recent utterances of the Supreme Court, in Kerr v. Dougherty (17 *Hun*, 341).   I feel bound, therefore, to adhere to the doctrine established by Campbell v. Cowdrey, a doctrine which had previously, in Lawrence v. Embree (3 *Bradf.*, 364), won the approval of Mr. Surrogate BRADFORD.   Let interest, at the rate of six per cent., be calculated on the legacies here in question, from a date one year after the testator's death, and let an order be entered for paying the same to the persons entitled.