NEW YORK COUNTY.—HON. D. G. ROLLINS, SURROGATE.—March, 1885.

VERNET *v.* WILLIAMS.

*In the matter of the estate of* MORGAN L. SAVAGE, *deceased.*

Testator, by his will, gave a legacy to his daughter, V., a married woman, directing his executors to pay it "as soon as practicable" after his death; and, by a later clause, provided that, "after the payment" of V.'s legacy, and "as soon as possible" after his death, the executors should invest a specified sum, and pay to his widow the interest and increase "commencing from my (his) decease."—

*Held,* that no feature of the case took the bequest to V. out of the operation of the general rule, that interest does not begin to run on a legacy, until the expiration of a year after the death of the testator, in the absence of an express or implied direction of the will to the contrary.

PETITION of Hester E. Vernet, legatee, for a decree directing Thomas H. Williams, executor, to pay her legacy. The facts are stated in the opinion.

D. G. WILD, *for petitioner.*

O. A. SANDERSON, *for executor.*

THE SURROGATE.—I am asked to determine from what period interest should be computed upon a certain legacy bequeathed by the will of this testator to his daughter, Mrs. Vernet. It is not claimed, by counsel for the legatee, that there is any feature in this case which takes it out of the operation of the general rule, that interest does not begin to run on a legacy until a year after the death of the testator, unless he has given, by his will, an express or implied direction for an earlier payment of such interest, or of the legacy itself. But it is insisted that such a direction has here been given, and that, because of it, Mrs. Vernet is entitled to interest from her father's death. The only direction immediately associated with the bequest is that the executors shall pay it " as soon as practicable " after testator's death. Now have these quoted words any real importance? It is the policy of our law that legacies shall not ordinarily be paid until a year from the testator's death. And in this State, and in other localities where the same policy prevails, it has been held that such words as are here relied upon cannot be regarded as a direction that that policy be departed from.

Said Chancellor ELDON, in Gibson v. Bott (7 *Vesey,* 89), commenting upon the words " as soon as conveniently may be : " " Where those words occur as to legacies, interest is never given until the end of the year. The court is obliged to take the general rule, as it is impossible to make the inquiry in every particular case. Suppose a testator directed his executor to convert the property with all convenient speed, to pay certain legacies, and then gave the

interest of the residue for life, remainder over; the legatee could make no complaint until the end of the year."

In the earlier case of Sitwell v. Bernard (6 *Vesey*, 520), the same Chancellor, in commenting upon the inequalities attending the application of this doctrine, said: "Upon the principle that the inquiry as to the condition of the personal estate, when each and every part could be got in and made productive, is endless and immeasurable, the court cuts the knot by doing what, in general cases, is convenient, though in particular cases both convenience and justice may be disappointed."

Benson v. Maude (1 *Madd. & Geld.*, 15) was a case in which a testator had directed his executors to set up a certain trust " as soon as they should think proper." In the opinion of the Vice Chancellor, this direction " amounted to the same thing as a direction to raise and pay a legacy as soon as the executors should find it convenient; and, as the court has adopted a year as the rule of convenience, the legacy could not be raised until the end of the year."

In the cases cited below, it was held that the legatee was not entitled to interest for the first year, though there was in each of them a testamentary direction substantially like that in the case at the bar, and, in some instances, even more stringent in its terms:   Williamson v. Williamson (6 *Paige*, 298); Hoagland v. Schenck's Ex'rs (16 *N. J. Law*, 370); Kent v. Dunham (106 *Mass.*, 586); Rogers v. Rogers (2 *Redf.*, 24); Bradner v. Faulkner (12 *N. Y.*, 472);

Kerr v. Dougherty (17 *Hun*, 341); Sullivan v. Winthrop (1 *Sumner*, 1); Webster v. Hale (8 *Ves.*, 410).

These cases must be taken as decisive of the present contention, unless the claim of the legatee finds support, in some clauses of the will that have not yet been considered. It does not. The testator gives instructions regarding the payment of certain other beneficiaries, in terms similar to those which he adopts in his bequest to Mrs. Vernet, and, by a later provision, he directs that, " after the payment" of certain legacies including the one to Mrs. Vernet, and " as soon as possible " after his decease, his executors shall invest the sum of $20,000, and pay to his wife, during her life, the interest and income, " commencing," as he says, " from my decease."

It is argued that the testator's use of the phrase " as soon as possible " indicates his wish that the $20,000 trust should be speedily set up, and that, therefore, the direction that it should not be established until *after* the payment of Mrs. Vernet's legacy, implies an emphatic wish that that legacy should be discharged at once. At first blush, there seems to be some force in this suggestion; but on more careful consideration it will appear that this clause opposes, more than it assists, the contention of the legatee— for by it the testator explicitly declares that his wife shall receive interest from his death on the $20,000, and by one of the earlier clauses of his will he provides that his wife shall be paid $500 " immediately " after his death. Those express and positive directions enhance the significance of his failure to give special direction respecting interest on Mrs. Vernet's

legacy, and make it plain that his injunction to his executors, to discharge that legacy as soon as practicable, did not call upon them to do so until after the lapse of a year.

Decreed accordingly.