Rollins, S.
— I am asked to determine from what period interest should be computed upon a certain legacy bequeathed by the will of this testator to his daughter, Mrs. Yernet. It is not claimed by counsel for the legatee that there is any feature in this case which takes it out of the operation of the general rule that interest does not begin to run on a legacy until a year after the death of the testator, unless he has given by his will an express or implied direction for an earlier payment of such interest, or of the legacy itself. But it is insisted that such a direction has here been given, and that because of it Mrs. Yernet is entitled to interest from her father’s death. The only direction immediately associated *380 with the bequest is that the executors shall pay it “ as soon as practicable ” after testator’s death. Now, have these quoted words any real importance % It is the policy of our law that legacies shall not ordinarily be paid until a year- from the testator’s death. And in this State, and in other localities where the same policy prevails, it has been held that such words as are here relied upon cannot be regarded as a direction that that policy be departed from.
Said chancellor Eldon, in Gibson agt. Bott (7 Vesey, 89), commenting upon the words “ as soon as conveniently may be: ” “ Where those words occur as to legacies, interest is never given until the end of the year. The court is obliged to take the general rule, as it is impossible to make the inquiry in every particular case. Suppose a testator directed his executor to convert the property with all convenient speed to pay certain legacies, and then gave the interest of the residue for life, remainder over, the legatee could make no complaint until the end of the year.”
In the earlier case of Sitwell agt. Bernard (6 Vesey, 540), the same' chancellor, in commenting upon the inequalities attending the application of this doctrine said : “ Upon the principle that the inquiry as to the condition of the personal estate, when each and every part could be got in and made productive, is endless and immeasurable, the court cuts the knot by doing what in general cases is convenient, though in particular eases both convenience and justice may be disappointed.”
Benson agt. Maude (Madd. & Geld., 15) was a case in which a testator had directed his executors to set up a certain trust “ as soon as they should think-proper.” In the opinion of the vice chancellor this direction “ amounted to the same thing as a direction to raise and pay a legacy as soon as the executors should find it convenient; and, as the court had adopted a year as the rule of convenience, the legacy could not be raised until the end of the year.”
In the cases cited below it was held that the legatee was not *381 entitled to interest for the first year, though there was in each of them a testamentary direction substantially like that in the case at bar, and, in some instances, even more stringent in its terms (Williamson agt. Williamson, 6 Paige, 299; Hoagland agt. Schenck's executors, 16 N. J. Law, 377; Kent agt. Dunham, 106 Mass., 586 ; Rogers agt. Rogers, 2 Redf., 24; Bradner agt. Faulkner, 12 N. Y., 472; Kerr agt. Dougherty, 17 Hun, 341; Sullivan agt. Winthrop, 1 Sumner, 1; Webster agt. Hale, 8 Ves., 410).
These cases must be taken as decisive of the present contention, unless the claim of the legatee finds support in some clauses of the will that have not yet been considered. It does not. The testator gives instructions regarding the payment of certain other beneficiaries in terms similar to those which he adopts in his bequest to Mrs. Yernet, and by a later provision he directs that “ after the payment ” of certain legacies, including the one to Mrs. Yernet, and “as soon as possible ” after his decease, his executors shall invest the sum of $20,000, and pay to his wife during her life the interest and income, “ commencing,” as he says, “ from my decease.”
It is argued that the testator’s use of the phrase “ as soon as possible,” indicates his wish that the $20,000 trust should be speedily set up, and that therefore the direction that it should not be established until after the payment of Mrs. Yernet’s legacy implies an ^emphatic wish that that legacy should be discharged at once. At first blush there seems to be some force in this suggestion; but on more careful consideration it will appear that this clause opposes more than it assists the contention of the legatee — for by it the testator explicitly declares that his wife shall receive interest from his death on the $20,000, and by one of the earlier clauses of his will he provides that his wife shall be paid $500 “immediately” after.his death. Those express and positive directions enhance the significance of his failure to give special direction respecting interest on Mrs. Yernet’s legacy, and make it plain that *382 his injunction to his executors to discharge that legacy as soon as practicable did not call upon them to do so until after the lapse of a year.
Decree accordingly.