NEW YORK COUNTY.—HON. D. G. ROLLINS, SURROGATE.—July, 1885.

MATTER OF KENDALL.

*In the matter of the judicial settlement of the account of the executors of, and trustees under the will of* ISAAC C. KENDALL, *deceased.*

Where a residuary estate, consisting of both productive and unproductive property, was devised and bequeathed to trustees, to apply the income to the use, support and maintenance of specified persons for life, with remainders over, and the entire income was absorbed, and a deficit occurred, during each of several years in carrying the property, until by a rise in values, and sales, a surplus appeared, the Surrogate considered that the respective claims, to such and subsequently accruing surplus, of the life beneficiaries and the remaindermen, should, in the absence of directions in the will to keep the property *in specie* as it stood at the testator's death, be adjusted by ascertaining what amount of income the property would have produced during the period elapsed since such death, if, at the end of a year from that event, the entire residue had been sold, and the proceeds invested in authorized securities.

THE testator died in 1878, leaving some personal property, and real property of great value. He left, him surviving, a widow and ten children, and no child of living or deceased children. By his will, which was dated November 17th, 1873, and admitted to probate April 10th, 1880, after bequeathing to his widow $5,000 per annum, in lieu of dower or other claims, he provided as follows:

By the fourth clause he gave to four of his children (the issue of his second wife) "one fourth part of the net income of my estate, to be by my executors hereof appropriated for their benefit, share and share alike, in such manner and to such extent in amount, in each year, as my said executors, or a majority of them, may judge best, until said four children shall respectively become of age. After which my said executors shall pay over to each of my said four children, yearly, one fourth part of said net income for and during their respective lives, together with all income, if any, that may have accumulated on their respective shares during their minority. And at the death of each of said children, leaving lawful issue, then the part, the income of which was paid to such child, shall be divided equally among such issue. But if there be no lawful issue, then such part shall revert to and form part of my general estate . . . ."

The fifth clause read thus: "I give, devise and bequeath all the rest, residue and remainder of my real and personal estate, of every name, kind and description, unto my executors hereinafter named, and their survivor," etc., "to have and to hold the same in trust, to and for the uses and purposes here-

inafter mentioned, that is to say : To divide the same into six equal parts, and to receive the rents, issues, income and profits of each part, and apply the same to the use, support and maintenance of my six beloved children (the issue of his first wife), one part to each, for and during their respective lives, and at the death of each of said children leaving lawful issue, then the part, the income of which was paid to such child, shall be divided equally among such issue. But if there be no lawful issue, then such part shall be equally divided among the survivors of said six children," etc., etc.

Much of the real property was vacant and unproductive, and subject to mortgages, the interest upon which, with taxes and assessments, exhausted, for the first three years, the income of the productive property, and left a deficit in each year, as follows :

| | |
|---|---:|
| 1st year, | $60,688 80 |
| 2nd year, | 10,688 80 |
| 3rd year, | 984 39 |
| Total, | $72,361 99 |

In the fourth year there was a surplus of $5,528.74. At the time of the hearing, there was no person living who had an interest in the question presented, viz., the disposition of this surplus, except testator's ten children.

D. P. BARNARD, *for the executors :*

The question to be decided is whether (1) the executors shall go on and hold the income until it shall be sufficient to extinguish the above deficiency, leaving the children without any income meanwhile ;

or (2) the deficiencies of three years shall not be considered as so much lost from the principal of the estate, leaving the surplus of the fourth and every succeeding year to be divided as income, as provided in the will.

EVARTS, CHOATE & BEAMAN, *for widow and others.*

FRANK L. BARNARD, *for Angelina G. Champlin and another.*

THE SURROGATE.—Upon the question, whether the excess of receipts over expenditures in the fourth year of the administration of this estate may properly be distributed among the beneficiaries of the income of the residue, or should, because of deficiencies in previous years, be retained by the executors as part of the *corpus* of the residuary estate, counsel have referred me to no decided cases.

From such consideration as I have thus far been able to give to the matter, I am inclined to think that, in the absence of express directions by the testator, his estate should be kept *in specie* as it stood at his death —it may be proper to adjust the respective claims of those who are given the income thereof for life, and those who, upon the death of such first takers, will become entitled to the principal, by ascertaining what sum would have been produced as interest or income, if, at the end of a year from the testator's death, the whole estate had been converted into cash, and invested in such securities as are sanctioned by our courts, and by paying over that sum to the life beneficiaries, whether the same shall be more or less than the actual income during the same period (see the discussion of this subject in 2 W'ms on Ex'rs, part 3,

book 3, ch. 4, § 4; Covenhoven v. Shuler, 2 *Paige*, 122; Cairns v. Chaubert, 9 *id.*, 160; Spear v. Tinkham, 2 *Barb., Ch.*, 21; Lawrence v. Embree, 3 *Bradf.*, 364; Kinmouth v. Brigham, 5 *Allen* [*Mass.*], 270; Healey v. Toppan, 45 *N. H.*, 243; Minot v. Thompson, 106 *Mass.*, 583).

I am unwilling, however, to direct the adoption of the scheme above suggested, until counsel have been afforded opportunity to discuss it. Briefs may be submitted at any time before July 10th.