### In re WALLACE'S ESTATE.

#### (Surrogate's Court, New York County.    March 8, 1889.)

1. WILLS—INTEREST ON LEGACIES.
   Interest on a legacy begins to run after one year from testator's death, and not after the lapse of that period from the issuing of letters testamentary.
2. SAME—TENDER.
   An offer to pay the amount of a legacy, coupled with a reservation for decision of the question of the right to interest for the period between the year after testator's death and the year after the granting of letters, is not a good tender.

On exceptions to referee's report.

Upon the accounting of Harriet McGowan, executrix of the will of John F. Wallace, deceased, the referee found that certain legacies bore interest only after the expiration of one year from the death of testator.    William Carroll and Mary A. McGowan excepted to the finding.

*Charles H. Woodbury,* for executrix.    *Benjamin C. Wetmore* and *Charles G. Cronin,* for legatees.

RANSOM, S.    The referee has found that the legacies given to the contesting legatee, who is one of the executors, and to the niece of the testator, draw interest respectively from a year from the time that letters testamentary were issued, and not previously.    To this finding the said contesting executor and

legatee has excepted, claiming that the decision of the referee in this regard is erroneous, and that the legatees are entitled to interest on their respective legacies from a year after the death of the testator. The counsel for the executrix, who is also the residuary legatee, has, in the very able and exhaustive brief which he has submitted, undertaken to trace the origin and operation of the rule with respect to the time when, and the circumstances under which, legacies become payable and draw interest, and he insists that the result of his examination justifies the conclusion of the referee to which exception is taken. I have examined the brief with great interest, and have derived from the perusal no little instruction. I feel nevertheless bound in the disposition which I am about to make of the question by the following authorities: *Campbell* v. *Cowdrey*, 31 How. Pr. 172; *Dustan* v. *Carter*, 3 Dem. Sur. 149; *Carr* v. *Bennett*, Id. 433, 457. The precise question here has been decided by these cases favorably to the contestant, and they have not, in my view of the matter, been overruled or questioned. The case of *Campbell* v. *Cowdrey* was decided by the general term of the supreme court, this department, and *Dustan* v. *Carter* by my immediate predecessor.

Cases have been cited in support of the contrary view. The opinions delivered in these cases contain, no doubt, expressions upholding such view; but, as I understand the cases, these expressions were mere *dicta* of the judges delivering the opinions, as the question here presented was not before the court for decision in any of them. Similar expressions, recognizing the correctness of the rule here applied, are found in other cases equally worthy of consideration, but where the point was likewise not actually involved. I hold that the legacies in question draw interest from a year after the death of the testator. The disposition of the exception just considered necessitates the overruling of the finding of the referee that on September 6, 1888, the executrix offered to pay the contesting legatee the amount due on his legacy, and did all in her power to enable him to get possession of it, as this holding was obviously based on the finding that the legatee was only entitled to interest on the legacy from a year from the time that letters testamentary were issued, and not previously. It is not claimed that there were not at the time of the alleged tender by the executrix of the legacy of the contestant sufficient funds in the estate applicable to the payment of the whole amount claimed by the legatee to be due upon the legacy, less the collateral tax. The evidence shows that there was. This being so, I do not consider that the tender which was made, coupled as it was with the offer to reserve for decision the question as to the interest on the legacy for the period intermediate a year from the death of the testator, and a year after the issuance of letters, was one in which the legatee was bound, in the view I have taken of his right to the interest, to accept. He was not, under the circumstances, required to reserve this question of interest, and, in order to make the tender effective, the interest which I have decided the legatee is entitled to should have been included in the sum tendered. The decision in the case of *Burtis* v. *Dodge*, 1 Barb. Ch. 77, is inapplicable, The bequest respecting which interest was there claimed was a residuary one. The amount offered to be paid on account, which it was held the legatee was wrong in declining to receive, was the legatee's share of all the assets then in the hands of the executor available for distribution. The contention, besides, was to charge the executor personally with the interest. In so far as the findings and decision of the referee are inconsistent with these views they are overruled. In all other respects his report is confirmed.