##### (*Surrogate's Court, Cayuga County.*   December 23, 1889.)

**1. WILLS—LEGACY—TIME OF PAYMENT.**
    The common-law rule that a general legacy draws interest from one year after
    testator's death, unless the will directs otherwise, is not changed by 2 Rev. St. N.
    Y. p. 90, § 43, which provides that legacies shall not be paid until after the expira-
    tion of one year from the granting of letters testamentary.

**2. SAME—INTEREST ON LEGACY.**
    A general legatee, to whom testator did not stand *in loco parentis*, and who was
    of age when testator died, is not entitled to interest on her legacy from the time of
    testator's death, though the will directs that the legacy be paid as soon as the cir-
    cumstances of the estate shall render convenient.

On application for the judicial settlement of the account of James Seymour,
Jr., as executor, etc., of William M. Gibson, deceased.

*George Underwood*, for executor.    *Payne & O'Brien*, for Sarah Foster.
*C. I. Avery*, for residuary legatees.

TELLER, S.    William M. Gibson died December 31, 1887.    Letters testa-
mentary upon his will were issued February 21, 1888.    The first clause of the
third codicil of this will is as follows: "In consideration of the affection I have
for Sarah Devoe, who has long been a member of my family, and as a recog-
nition of the kindness, care, and attention bestowed by her upon my wife and
myself, and as a compensation for the services rendered by her to me, I hereby
give and bequeath to her the sum of five thousand dollars, ($5,000,) and direct
that the same be paid to her as soon after my decease as the circumstances of
my estate shall render such payment convenient."    By the second clause of

this codicil the testator gives said Sarah Devoe all of his household furniture and household utensils, except such articles as his executor shall see fit to dispose of otherwise. The testator left no children or lineal descendants surviving him. The legatee Sarah Devoe, who has since married, and is now Sarah Foster, claims interest upon the legacy of $5,000 from the time of the death of the testator, and insists that, if this is not allowed, she is entitled to interest from the expiration of one year from the testator's death. On the other side, it is contended that she is entitled to interest only after the expiration of one year from the granting of letters testamentary. It appears by the account that "Sarah M. Foster, formerly Sarah Devoe, on compromise of her claim for services," was on the 2d day of April, 1889, paid by the executor the sum of $5,000, and that on the same day she was paid the full amount of her legacy, less the sum of $250, reserved for collateral inheritance tax. She was of full age at the time of the testator's death. For this reason, and that it does not appear in this proceeding that the testator stood *in loco parentis* to this legatee, it cannot be held that she is entitled to interest from the time of the testator's death. No other ground therefor is suggested by her counsel, and none occurs to the court. The direction that the payment must be made as soon after the testator's decease as the circumstances of his estate shall render such payment convenient does not amount to a special direction that the payment be made earlier than the time prescribed by law. *Rogers* v. *Rogers*, 2 Redf. Sur. 24.

The remaining question, whether interest upon a general legacy begins to run one year from the death of the testator or one year from the time letters testamentary were issued, is interesting, in view of the conflicting answers found in the reports and elementary works. Under the common law, the rule was well established that a general legacy, for which no time of payment was assigned by will, bore interest from the expiration of a year after the death of the testator. The rule had its origin in the practice of the ecclesiastical courts of England, where a year was allowed the executor to ascertain the amount of property to be distributed, before he was required to pay legacies. Interest was given as compensation for any delay in payment, after that time. The Revised Statutes changed the rule as to the time of the payment of legacies to one year from the granting of letters testamentary or of administration, unless the same are directed by the will to be sooner paid. 2 Rev. St. p. 90, § 43. Whether this enactment involved a change in time from which interest upon legacies was to be collected, has been the subject of much diversity of opinion. In the case of *Lawrence* v. *Embree*, 3 Bradf. Sur. 364, (decided in 1855,) the learned surrogate held that the provisions of the Revised Statutes, relative to the payment of debts and legacies, have not changed the rule as to the payment of interest. He says: "If a delay in the probate is to deprive legatees of interest on their legacies, because the executor cannot be compelled by the surrogate to pay before a certain time elapsed after letters issued, a premium for delay and contestation would be awarded, and great injustice be sanctioned by the law. I am quite clear that the rules governing the payment of interest on testamentary bequests remain as they ever were, according to the established principles of courts of law and equity." *In re Fish's Estate*, 19 Abb. Pr. 209, also reported in Tucker's Reports at page 122, Surrogate TUCKER held that interest on general legacies commences to run from the period of one year from the issuance of letters testamentary, and refers to the *dictum* of Chief Justice GARDINER in *Bradner* v. *Faulkner*, 12 N. Y. 472, that "no interest would accrue until it became by law the duty of the executors to pay the legacy." The case of *Fish's Estate* was appealed to the general term of the supreme court, and there reversed, *sub nomine Campbell* v. *Cowdrey*, 31 How. Pr. 172. The doctrine of the surrogate as to the time interest begins to run upon general legacies was disapproved by two of the three judges. Presiding Justice INGRAHAM concurred with the view taken by the surrogate in *Law-*

*rence* v. *Embree,* and stated that he saw nothing in the case of *Bradner* v. *Faulkner* to the contrary. In the case of *Cooke* v. *Meeker,* 36 N. Y. 15, in the court of appeals, we have the remarkable fact of two prevailing opinions in which one of the learned judges says the provisions of the Revised Statutes have not changed the rule of the common law as to the time when interest on legacies begins to run, viz., at the expiration of one year from the testator's death, and quotes *Lawrence* v. *Embree* with approval, (page 18;) while the other learned judge expresses the opinion that interest is not payable on a legacy until a year from the granting of letters, (page 23.) The report of the case informs us that all the judges, except two, concurred in both opinions. Page 25. In the case of *Wheeler* v. *Ruthven,* 74 N. Y. 428, we have light thrown upon the subject in the opinion of Mr. Justice ANDREWS, who says: "The general rule is well settled that where a general-legacy is given, without assigning any time for payment, it bears interest from the expiration of a year after the death of the testator. * * * It is a legitimate consequence of an omission by the executor to pay a legacy when payment is due, that the legacy should bear interest from that time, as a compensation for the delay; and therefore the time when the legacy is payable determines the time from which interest commences." The case merely called for a decision as to whether the testatrix designed that certain legacies should draw interest during the pendency of a life-estate, and the attention of the court does not appear to have been called to the effect of the provisions of the Revised Statutes upon the common-law rule referred to in the opinion. In the case of *Thorn* v. *Garner,* 113 N. Y. 198, 21 N. E. Rep. 149, it is said: "The statute prohibits the payment of legacies until a year after the granting of letters testamentary; and the general principle is that interest upon legacies is not payable until the principal becomes due." In this case a legacy was directed to be paid to a son in 18 months after the testator's death. The legatee claimed interest from the time of his father's death. The court held that he was not entitled to any interest on the legacy previous to the time fixed in the will for its payment. So far as the question now under consideration is concerned, the *dictum* above quoted was *obiter.* In the case of *Bradner* v. *Faulkner,* 12 N. Y. 472, the proposition is stated that no interest would accrue until it became, by law, the duty of the executors to pay the legacy. This case is frequently referred to as authority for the rule that interest upon general legacies cannot run until the time prescribed by the statute for their payment; but the question was not before the court for decision, and this inference has not been uniformly drawn from the case by our courts. The point in question could not have been in the mind of the learned judge who gave the opinion, when he wrote: "As the statute prohibits the payment of legacies until one year from the time of granting letters testamentary, and as the practice of-the court, prior to the statutes, allowed the same time to the executor," etc. If he had in mind the common-law rule, it may be supposed he would have modified this as well as the incomplete statement that no interest would accrue until it became by law the duty of the executors to pay the legacy. It has never been the duty of an executor to pay a legacy before he could collect assets sufficient for the purpose, and yet interest has, both before and since the passage of the statute, been held to accrue at the end of a year. In the case of *Dustan* v. *Carter,* 3 Dem. Sur. 149, Surrogate ROLLINS reviewed the case of *Bradner* v. *Faulkner,* and followed the decision in *Campbell* v. *Cowdrey,* holding that interest upon a general legacy begins to run at the expiration of one year from the death of the testator. In the case of *Carr* v. *Bennett,* 3 Dem. Sur. 433, the learned surrogate of Onondaga county has, after a lengthy review of English and American authorities upon the subject, arrived at the conclusion that he is well supported in accepting, as a general rule, that by statute general legacies are not payable until one year from the issuing of letters testamentary, but draw interest from the expiration of one year after the testator's death,

as at common law.  He refers to the danger which might arise from the adoption of the other rule in that a residuary legatee who, in case of administration with the will annexed, would be first entitled to letters, might by delay in obtaining them create for himself property at the expense of the general legatee.  Many other dangers might be anticipated from the working of a rule adjusted to a sliding scale, to be managed by an interested party, and, unless the doctrine that interest shall only accrue from the time the principal is payable is inviolable, it is wiser to preserve the doctrine of the common law as to the payment of interest.  There are many cases in which real estate has been devised, charged with the payment of legacies, and in which the devisees, upon accepting the devises, became personally liable for the legacies.  In these cases, the devisees, like any other debtors, were properly held liable to pay interest from the time the legacies were payable.  Interest is given for delay of payment from the party whose duty it was to pay.  In the case of a general legacy, the penalty for delay would rarely be borne by the person who caused it.  It is not just to place the two classes of cases in the same category, although the former is found cited in some of the elementary books to support the broad doctrine that general legacies bear interest only from the time they are payable.  In speaking of the common-law rule, as to interest upon general legacies, Chancellor HARDWICKE, in *Beckford* v. *Tobin*, 1 Ves. Sr. 310, said: "The rule is strengthened by the statute of distribution giving one year in the case of intestacy to distribute;  \*  \*  \*  yet it was not founded upon that statute, being a rule of this court before, who took it from the ecclesiastical court, which gave the executor a year to get in the estate and pay the legacy, before he should be compelled to give an account.  In *Pearson* v. *Pearson*, 1 Schoales & L. 10, the chancellor refers to the fact that the rule applied independently of the fact that the testator's estate was abundantly solvent and yielding interest, in which case the interest would go to the residuary legatee, or that the fund did not come to be disposable for the payment of legacies till many years after the testator's death.  The rule appears to have been arbitrarily adopted, as fixing a time when the executor or administrator ought, in the generality of cases, to be able to pay general legacies, for which no particular time was specified; and when, as between general and residuary legatees, the former ought to be considered to be due.  It assumed that the executor would enter at once upon the discharge of his duties.  It had no regard for delays in obtaining authority to act or in collecting assets.  Our statute, in view of complications which might arise in the settlement of estates, from paying legacies before the time had expired for advertising for claims, and thereby determining the amount of indebtedness against an estate, has prohibited the payment of legacies prior to the time such advertisement might expire.  It can hardly be presumed that the legislature by this act intended to change the relative rights of legatees as to property.  The act is in derogation of the common law, and, I think, cannot, under the ordinary rules of construction, be held to have abrogated the law relating to interest.  It is an innovation upon the common law, and should not be extended in its operation beyond its fair import and intent.  *Mushlitt* v. *Silverman*, 50 N. Y. 360.  Upon authority and principle, the ancient rule that general legacies, except as otherwise expressly directed, shall draw interest from one year after the death of the testator, is to be followed, and interest upon the legacy in question will be so allowed.