Davison v. Rake.

WILLIAM I. DAVISON, appellant.

*v.*

ELLEN RAKE et al., legatees of Reuben Davison, deceased, respondents.

1. The general rule, that interest is recoverable on a general legacy from the expiration of one year from the testator's death, unless some other period is fixed by the will for the payment of the legacy, has not been changed or abrogated by the statute (*Rev. p. 581 § 1*), which allows executors one year after probate for the payment of legacies.

2. On bill filed or proceedings in the orphans court for the recovery of a general legacy, pursuant to section 165 of the Orphans Court act (*Rev. p. 788*), the residuary legatee is not a necessary party.

3. In suits by creditors or legatees not involving the construction and effect of the residuary clause of the will, residuary legatees are interested consequentially only from the circumstance that the recovery of the debt or legacy will reduce the residue, and, under such circumstances, the executor is regarded as the representative of all persons interested.

On appeal from a decree of the vice-ordinary, whose opinion is reported in *Davison v. Rake, 17 Stew. Eq. 506*.

*Mr. George C. Beekman,* for the appellant.

*Mr. George O. Vanderbilt, contra.*

The opinion of the court was delivered by

DEPUE, J.

The testator, Reuben Davison, died on the 25th of February, 1885. By his will he gave to his daughter, Ellen Rake, the interest of $800 during her natural life, and directed that, at her death, the principal sum be divided among her heirs, equally. He also gave to his son, James R. Davison, the interest of $1,000, and to six of his other children the interest of $700 each for life, with the same direction for the division of the principal sums among the heirs of these several legatees, respectively, after their

death. In consequence of a litigation over the probate of the will, upon a *caveat* filed by Reuben Davison, one of the testator's children and a legatee, the will was not proved until March 9th, 1886, more than thirteen months after the testator's death, and letters of probate were then issued to Asher T. Applegate, one of the executors named in the will, the other executor named having renounced.

In October, 1887, the eight legatees above referred to instituted a suit in the orphans court for the recovery of their legacies under section 165 of the Orphans Court act. *Rev. p. 788.* To this suit Asher T. Applegate, the executor who proved the will, was made a party defendant.

The sole controversy before the orphans court was with respect to the time from which these legatees were entitled to interest upon their legacies. In their petition they claimed interest from the testator's death. It was contended adversely, that interest was recoverable only from the expiration of one year from the time the will was admitted to probate. The orphans court decreed that the legatees were entitled to interest from the expiration of one year after the testator's death. This decree was affirmed by the prerogative court.

The legacies of these parties fall within the designation of general legacies, and the general rule is, that such legacies shall be due and payable at the expiration of one year from the testator's death, and shall bear interest from that date. The rule and the exceptions to it, are stated in *Welsh* v. *Brown, 14 Vr. 37,* and in *Sullivan* v. *Winthrop, 1 Sumn. 1–20,* and by the surrogate, at the close of his opinion, in *Carr* v. *Bennett, 3 Dem. 433.* It is sufficient to say, that this case does not come within any of the exceptions, and is controlled by the general rule, unless the rule has been changed by statute.

The statute in question provides for suits for the legacies to be brought in the supreme or circuit court, and in its first section contains a proviso,

"That if no time is fixed in the will for the payment of such legacy, the said executor or administrator shall have one year after probate to pay and satisfy the legacies given therein." *Rev. p. 581 ? 1.*

Davison v. Rake.

The vice-ordinary held that this proviso has not changed the rule regulating the right to interest upon legacies. This ruling we think correct.

A general statute of New York provided that no legacies should be paid until after the expiration of one year from the time of granting letters testamentary, unless the same are directed by the will to be sooner paid. The effect of this statute upon the right of a legatee to interest has been the subject of diverse decision. In *Bradner* v. *Faulkner*, *12 N. Y. 472*, the court of appeals held that, inasmuch as a legacy does not draw interest before it becomes legally payable, the effect of the statute was to make legacies carry interest only from the expiration of one year after probate, unless otherwise directed by the will. This decision was made in June, 1885. In October of the same year Surrogate Bradford decided, that the statute relative to the payment of legacies had not changed the rule as to the payment of interest. *Lawrence* v. *Embree, 3 Bradf. 364.*

In deciding *Lawrence* v. *Embree* the learned surrogate said : " The provisions of the Revised Statutes relating to the payment of debts and legacies have not changed the rule as to payment of interest. The object of the statute was only to allow a specified time for the executor or administrator, after taking out letters, to settle the estate, and it was not designed to affect or modify the rights of parties interested in claims or legacies. If a delay in the probate is to deprive legatees of interest on their legacies because the executor cannot be compelled to pay before a certain time has elapsed after letters issued, a premium for delay and contestation would be awarded, and great injustice be sanctioned by the law. I am quite clear that the rules governing the payment of interest on testamentary bequests remain as they were according to the established principle of courts of law and equity." Some of the subsequent cases in New York have followed *Bradner* v. *Faulkner*, and others *Lawrence* v. *Embree. In re Fish's Estate, 19 Abb. Pr. 209; S. C. sub nom. Campbell* v. *Cowdrey, 31 How. Pr. 172; Cooke* v. *Meeker, 36 N. Y. 15; Kerr* v. *Dougherty, 17 Hun 341. In Carr* v. *Bennett, 3 Dem. 434–458,* decided November 18th, 1883, the surrogate of Onondaga county,

Davison v. Rake.

after an elaborate review of the cases following *Lawrence* v. *Embree,* and adopting the reasoning of Surrogate Bradford, held that although, by force of the statute, general legacies were not payable until after one year from the probate of the will, they nevertheless would draw interest from the expiration of one year after the testator's death, as at common law.

The reasoning on which *Lawrence* v. *Embree* and *Carr* v. *Bennett* were decided is entirely satisfactory, and is peculiarly applicable to the construction of our statute, which was designed mainly to confer upon the supreme and circuit courts a jurisdiction that the law courts at common law did not possess. *2 Rop. Leg. 1797.* The general rule, that, where no time for payment is fixed by the will, a pecuniary legacy is payable in one year after the testator's death, was adopted from the ecclesiastical courts, which allowed the executor one year to get in the estate and pay legacies. It was a rule designed for the advantage of the executor in the settlement of the estate, and, as said by Mr. Justice Story, "founded in the convenience of having a fixed period applicable to cases in general, which, if it operated injuriously upon some legatees, was beneficial to others, and reduced to a certainty what might otherwise be a fluctuating exercise of discretion in the executor or the court." *Sullivan* v. *Winthrop, 1 Sumn. 1–13.* For the sake of general convenience, the court holds the personal estate to be reduced into possession at the expiration of one year after the testator's death, and upon that ground interest is payable upon general legacies from that time, unless some other period for the payment of the legacy is fixed by the will. Actual payment may, in many instances, be impracticable within that time, yet in legal contemplation the right to payment exists, and carries with it the right to interest until actual payment be made. This rule applies as well when the legacies are payable out of money due upon securities that could not by any possibility be collected within the year as to cases where the fund out of which it is payable consists of stock or securities bearing interest or profit from the testator's death, and also to cases where the direction is to pay as soon as possible. *Wood* v. *Penoyre, 13 Ves. 325–334; Pearson* v. *Pearson, 1 Sch.*

Davison *v.* Rake.

*& Lef. 10; Webster* v. *Hale, 8 Ves. 410; Benson* v. *Maude, 6 Madd. 15; Lord* v. *Lord, L. R. (2 Ch. App.) 782; Hoagland* v. *Schenck, 1 Harr. 370; Sullivan* v. *Winthrop, 1 Sumn. 1; Kent* v. *Dunham, 106 Mass. 586.*

Every testator making a testamentary disposition of his property is presumed to have framed his bequests in view of those general rules that regulate the construction of wills, and he has a right to assume that his will will be proved as soon as practicable after his death. He is not supposed to anticipate a litigation over his will that may postpone its probate. An intent on the part of the testator that those persons to whom he has given pecuniary legacies shall have their legacies at the end of one year after his death, is deducible from the fact that he has specified no time when they shall be paid. The statute, like the common law rule adopted from the ecclesiastical courts, was designed for the convenience of the executor, to afford him a reasonable time to pay the debts and convert the assets into money, before he was required to pay legacies. At common law interest was allowed to the legatee from one year after the testator's death, without regard to the date of probate, and I agree with the vice-ordinary, that the statute in question was not intended to affect the rights of legatees beyond the postponement of the time when suit may be maintained for a legacy.

William I. Davison, to whom the residuary estate was given by the testator's will, was not a party to the suit in the orphans court. He alone appealed to the prerogative court, and is the appellant in this court. He assigned, as one of the grounds of appeal, that he was not a party to the proceedings in the orphans court, that he was not represented by any proctor or attorney, and was not brought into that court by any process or notice.

The statute under which suits for legacies are allowed to be maintained in the orphans court provides that the proceedings in such suits shall be governed by the rules and practice of the court of chancery, so far as the same are applicable. *Rev. p. 788 § 165.* On a bill filed by a general legatee for the recovery of a legacy, the residuary legatee is not a necessary party. *Anon., 1 Vern. 261; Lawson* v. *Barker, 1 Bro. C. C. 303; Brown* v.

*Dowthwaite, 1 Madd. 446.* In suits by creditors or legatees not involving the construction and effect of the residuary clause of the will, residuary legatees are interested consequentially only from the circumstance that the recovery of the debt or legacy will reduce the residue, and, under such circumstances, the executor is regarded as the representative of all persons interested. *Story Eq. Pl. 140–141–150; Dandridge* v. *Washington, 2 Pet. 370–377; Brown* v. *Ricketts, 3 Johns. Ch. 553–555; Read* v. *Patterson, 17 Stew. Eq. 211; Wainwright* v. *Waterman, 1 Ves. Jr. 311.*

In strict practice the appellant's appeal should have been dismissed. But, having appealed, and made himself a party to the suit in the prerogative court, and presented the case there and here on the merits, and his appeal being without foundation upon the merits, he cannot complain if, instead of dismissing his appeal, the decree be affirmed.

The proceeding in the orphans court being by the joint suit of all the legatees, and the orphans court having only adjudged the time from which interest should be reckoned on the several legacies, without any decree for a distinct sum, the proceedings in that court are imperfect. There should be an affirmance, with a *remittitur* to the prerogative court, to the end that the record be remitted to the orphans court for amendment and completion.

*Decree unanimously affirmed.*