In the matter of the estate of OBED W. SHORT, deceased.

[Submitted December 4th, 1916. Determined December 23d, 1916.]

1. Interest on general legacies is payable ordinarily from one year after testator's death, but where a will fixes time of payment of a legacy, interest begins from the time so fixed.

2. Under the language of the will in question, *held* that it was not the testator's intention to deny interest on legacies after the expiration of one year from his decease.

---

On appeal from the orphans court of Atlantic county touching the allowance of interest on general legacies.

*Mr. Harry Wootton,* for the appellant.

*Mr. J. Fithian Tatem,* for the respondent.

LEAMING, VICE-ORDINARY.

The single question presented by this appeal is whether the several persons to whom general legacies are given by the will of Obed W. Short are entitled to receive interest on their legacies from and after the expiration of one year from the death of testator. The decree of the orphans court awards interest from that date; the administratrix has appealed from that decree.

The material provisions of the will of Obed W. Short are as follows:

"First: I devise all my real and personal property, of whatever the same may consist, or wherever it may be situate, to my wife, Martha Short, and to her heirs and assigns; subject, however, to the following bequests, which I hereby make and charge against said property, to become due and paid out of moneys that may be derived from the sale of my real and personal estate.

"Second : I bequeath and direct my executrix to pay out of the moneys to be derived from the sale of my real and personal estate, the following bequests." (Then follow the several bequests of money which occasion this appeal.)

"Fifth : All the residue of my property, both real and personal, I bequeath unto my said wife, Martha Short.

"Sixth : I appoint my said wife, Martha Short, executrix of this, my last will and testament, with power to sell and convey all my property, both real and personal, and I direct that my property be sold within three or five years at any time which my executrix may deem best for the interest of my estate."

It is urged in behalf of appellant that the provisions of the sixth item of the will which allow the executrix five years to dispose of the assets of the estate, when considered in connection with the first and second items of the will which make the legacies a charge on the assets and direct the payment of the legacies out of the moneys to be derived from the sale of the assets, and especially that part of the first item of the will which provides that the legacies are to become due and paid out of the proceeds of sale of the assets, disclose an intent or purpose on the part of testator to deny to the legatees any interest on the legacies for a period of five years should the administratrix deem it for the best interest of the estate to defer the sale of the assets for that period of time.

The general rule touching interest on legacies is that interest is payable on a general legacy from one year after testator's death. It is specifically pointed out in *Davison* v. *Rake, 45 N. J. Eq. 767*, that this rule is of ancient origin and founded on general convenience, and bequests must be understood to have been made with reference to it. This rule has been enforced with uniformity in all cases in which testator has not fixed some other period for the payment of the legacy. But where the will fixes a time for the payment of the legacy the legacy will draw interest from that time. Accordingly, the general rule has at times been phrased that interest commences to run when the legacy is demandable. This statement of the rule fully satisfies ordinary conditions ; thus, when a specific time is fixed by the will for the payment of the legacy, it is demandable at that time and will draw interest from that time, or, if payable on the happening of a specific contingency, such as the death of a life tenant, it is

first demandable at that time and will draw interest from that date, providing the death of the life tenant occurs after the expiration of one year from the death of testator; but the inaccuracy of that general statement of the rule, when applied to all circumstances, is disclosed in *Davison* v. *Rake, supra,* where it was held that the circumstance that where no time for payment is fixed by a will our statute gives executors one year after the date of probate of a will in which to pay a general legacy is not operative to modify the rule that interest on a general legacy will begin to run at the expiration of one year from the death of testator. And, again, in *Warwick* v. *Ely, 59 N. J. Eq. 45,* it is held that while provisions of a will, similar to provisions of the sixth item of the will here in question, giving to executors three years to settle the estate, were clearly operative to deny to a general legatee the right to require payment of his legacy before the end of that period, yet the provisions were not operative to deny interest to the legatee after the expiration of one year from testator's death.

An examination of the adjudicated cases will, I think, fully disclose that the general rule for interest to commence to run on a general legacy at the end of a year after the decease of testator has been recognized and enforced in all cases in which it is not made clear by the provisions of the will that testator intended to the contrary, and a contrary intent will not be inferred either from provisions of a will giving the executors a longer period of time in which to make settlement of the estate or from provisions making a legacy payable out of securities which the executors are not required to call in within the year or even out of securities which cannot be called in within the year. The authorities cited in *Davison* v. *Rake, supra,* are to that effect. Based upon the authorities there cited our court of errors and appeals said: "Actual payment may, in many instances, be impracticable within that time (one year), yet, in legal contemplation, the right to payment exists, and carries with it the right to interest until payment be made. This rule applies as well when the legacies are payable out of money due upon securities that could not by any possibility be collected within the year as to cases where the fund out of which it is payable consists of stocks

or securities bearing interest or profit from the date of testator's death, and also to cases where the direction is to pay as soon as possible. In *Wood* v. *Penoyre, 13 Ves. Jun. 325*, the legacy was made a charge on a certain mortgage and was to be paid out of money due on that mortgage "when recovered." It was there held that although the mortgage out of which the legacy was payable was not capable of being called in within the year, it should be considered as having been got in within the year, in the absence of any provision of the will "plainly indicating an intention of testator" to "exclude the rule of the court."

Consistently with the authorities already cited it must be held that the provisions of the will here in question cannot be said to indicate an intention upon the part of testator to deny interest on the legacies after the expiration of one year from his decease with that degree of clearness and certainty which is necessary to overthrow the general rule.

The language of the first item of the will making the legacies a charge on the entire assets of the estate, and "to become due and paid" out of the proceeds of sale of the assets, standing alone, carries no suggestion that the assets may not be sold within the year ordinarily allotted for that purpose. The provision of the sixth item of the will allowing five years for the executrix to sell the assets does not deny either her right to sell or the propriety of her selling within a year from testator's death; it assumes no more than that further time may be needed for the sale of the assets, and allows such additional time, if needed. That item, standing alone, cannot be said to disclose an intention of testator to exclude the ordinary rule of court touching interest on legacies. That is specifically determined in *Warwick* v. *Ely, supra*. For like reasons the two items, when considered together, cannot be regarded as a clear manifestation of intent of testator to overthrow the court rule touching interest on vested legacies. To give that force to the provisions would have entitled the legatees to interest before the expiration of the year from testator's death had the assets been sold prior to that time. The language "to become due and paid out of" the proceeds of sale of the assets, as used in the first item of the will, appears to me to impart no specific purpose of testator

further than that the legacies shall be made a charge upon and paid out of the proceeds of sale of the assets; when so understood, and considered in connection with the provisions of the sixth item of the will, the principles defined in *Wood* v. *Penoyre, supra,* and *Warwick* v. *Ely, supra,* impel the conclusion that the legacies here in question draw interest from the expiration of a year after testator's decease.

When all the provisions of this will are considered, additional force appears to be given to the views already stated. The entire estate of testator is given to his widow, subject alone to the charge of twenty-eight general legacies, ranging in amounts from $25 to $250. The widow is made sole executrix and is given five years to convert the assets into money should she deem that period for the best interests of the estate. In view of that broad discretion of duty imposed upon the executrix in a matter involving her individual interests, it appears peculiarly appropriate to seek a clear and unmistakable manifestation of intent of testator to deny interest on the legacies until the last asset should be converted into cash, in the absence of any specific provision of the will to that effect.

I will advise a decree affirming the decree of the orphans court.