This bill is filed by the complainant as executor of and trustee under the will of Charles S. Biddle, who died at Caldwell, Essex county, on June 24th, 1927, and the prayer is for the construction of that will and the instruction of the executor with respect to certain questions which have arisen. The portions of the will involved are as follows:
"Fourth. I give and bequeath to the Memorial Home at Princess Bay, Staten Island, New York, the sum of five thousand dollars.
"Sixth. I give and bequeath to the home for aged persons, situated at Ocean Grove, New Jersey, in which two of my friends recently died, the sum of ten thousand dollars.
"Seventh. I give to my executor, hereinafter named, the sum of sixteen thousand dollars, in trust nevertheless, to pay the income thereof to Hamilton and Elizabeth Rickard so long as either of them shall live.
"Eighth. I give, devise and bequeath the rest, residue and remainder of my estate, real and personal, to Elizabeth Rickard, in trust nevertheless, to divide the same in her discretion among homes for the aged in New York and New Jersey. *Page 518 
"I appoint the Caldwell National Bank, of Caldwell, New Jersey, sole executor of this my last will and testament. I authorize said executor for the purpose of settlement of my estate to sell any and all real estate belonging to me at the time of my death and to give good and sufficient instruments of title therefor. I direct that my house at 16 Ward Place, Caldwell, New Jersey, to be sold for not less than $16,000, my house at 104 Hopping avenue, Tottenville, Staten Island, for not less than $9,000, and my house at Manhattan avenue, Raritan Bay Park, Staten Island, for not less than $2,000; if said executor shall be unable to dispose of any or all of my said houses for the prices named within a period of two years from my death, I authorize it after the expiration of said time to sell said houses for the best price obtainable. I authorize said executor to rent said houses or any of them for any period and to apply the moneys received from said rentals to the payment of taxes, fire insurance and other charges for maintenance, supplying any deficit to meet such charges from my residuary estate."
At the hearing it appeared that there is no institution bearing the name "Memorial Home" at Princess Bay, Staten Island, New York, but there is an institution named "Richmond Memorial Hospital" at Princess Bay, Staten Island, and that is the only institution at that place having a name similar to that used by the testator in this clause of his will, or which could be classified as a memorial home. It also appeared that the testator in his lifetime had frequently referred to the "Richmond Memorial Hospital" by the name of "Memorial Home," and that it was generally known in that community as the "Memorial Home."
It also appeared that the only home for the aged at Ocean Grove is that known as "The Methodist Episcopal Home for the Aged of New Jersey;" that Kate Wood and William Rider, friends of the testator, were inmates of that home and died there on August 18th, 1926, and May 14th, 1927, respectively. I announced at the conclusion of the hearing that I would advise a decree directing the executor to pay to the "Richmond Memorial Hospital," at Princess Bay, Staten Island, New York, the legacy mentioned in the fourth paragraph of the will, and to pay to The Methodist Episcopal Home for the Aged of New Jersey, at Ocean Grove, the legacy mentioned in the sixth paragraph of said will, and such will be the decree. Van Nostrand v. Reformed Church, *Page 519 59 N.J. Eq. 19; 1 Jarm. Wills 376; 2 Schoul. Wills § 964; 2Underh. Wills § 831.
A further controversy has arisen, however, with respect to the rights of the defendant Elizabeth Rickard, under the seventh and eighth paragraphs of the will. Hamilton Rickard died after the bill in this cause was filed and the defendant Elizabeth Rickard is the surviving life beneficiary under the seventh paragraph. She claims, first, that she is entitled to interest on the trust fund of $16,000, created by the seventh clause of the will, from the date of the death of the testator, while the executor claims that she is entitled to interest only from one year after that date; second, that the testator having made no ultimate disposition of the trust fund under the seventh clause, she is presently entitled to the corpus both of that fund and the residuary estate because she is both life-tenant and residuary legatee, and on her death the trust fund necessarily falls into the residue.
The theory upon which the claim for interest from the date of the testator's death is made is that this clause creates an annuity in favor of this defendant and thus falls within one of the exceptions to the general rule respecting interest on general legacies in trust as laid down in Welsh v. Brown,43 N.J. Law 37. It seems quite plain to me, however, that this question is controlled by the general rule and not by any of the recognized exceptions. The distinction between an annuity and a legacy of a specific sum, the interest or income of which is payable to a life-tenant, is clearly stated in the case cited. I shall hold, therefore, that this defendant is not entitled to interest on this trust fund accruing until beginning one year after the death of the death of testator.
The contention that this defendant is presently entitled to thecorpus of the trust fund created by the seventh clause of the will seems to be based upon the mistaken idea that she takes individually and beneficially under the eighth clause, instead of as trustee; but clearly the gift of the residue is in trust for division by her as trustee amongst homes for the aged, the discretion conferred upon the trustee applying to the selection of beneficiaries of that trust and not to the fact of division or distribution. *Page 520 
No ultimate disposition of the $16,000 trust fund mentioned in the seventh paragraph of the will having been made by the testator, it will, of course, fall into the residue at the death of the life-tenant, but may be disposed of by her by will, or by deed taking effect after her death, under the power given in the eighth clause of the will. In the meantime, however, that fund must be held in trust by the executor and administered as directed by the will.
The gift of the residue by the eighth clause of the will is undoubtedly for a charitable use and is a valid trust which this court will enforce. Kitchen v. Pitney, 94 N.J. Eq. 485.
The bill asks instructions as to the final disposition of the residuary estate, but this request is both improper and premature. The rights and duties of the executor with respect to the residue terminate upon the delivery of that residue to the trustee. Questions respecting its division or distribution will not arise until after such delivery. "The action of the court should be confined to instruction as to present duty or to the duty likely to arise under present conditions." Stewart v.Stewart, 61 N.J. Eq. 25; Kellogg v. Burnett, 74 N.J. Eq. 304;Matlock v. Matlock, 98 N.J. Eq. 572.
In view of the attitude of the defendant Elizabeth Rickard with respect to the trust fund under the seventh clause of the will and the residuary estate disposed of by the eighth clause, it is suggested that she is under the impression that she, individually, is the residuary legatee and takes such residuary estate beneficially and not as trustee, and that, therefore, she should be required to give a bond for the faithful performance of her duties as trustee. Without a doubt this court has the authority to require such a bond if and when the circumstances warrant it. Holcomb v. Coryell, 12 N.J. Eq. 289; Pfefferle v.Herr, 75 N.J. Eq. 219; Starr v. Wiley, 89 N.J. Eq. 79. Mrs. Rickard, the trustee under the residuary clause, is quite an elderly lady and apparently has some peculiar notions as to her rights under the will, but there is nothing in the case to warrant the assumption that if properly advised as to her rights and duties, she will not be faithful to the trust reposed in her by the testator. Until *Page 521 
there is evidence exciting concern as to her fidelity a bond will not be required. In the meantime, her solicitor, as an officer of this court, is admonished to instruct his client clearly and explicitly as to her rights and duties in view of these conclusions.
In the second paragraph of the eighth clause of the will the testator directed that pending the sale of the real estate by the executor the houses should be rented. The testimony of an officer of the complainant company showed that the executor had endeavored without success to rent the Tottenville and the Raritan Bay Park properties, but that no effort whatever had been made to rent the Caldwell house. The executor is advised that it is its duty to rent all of these properties pending sale if it is possible and practical for it to do so.