Complainants, Wilson W. Phraner and Frances P. Wylie, are the executors of the estate of Elizabeth B. Stone, and bring this bill for construction of the will and advice and direction.
Elizabeth B. Stone died testate a resident of Union County on November 17th, 1942. Her last will and testament and codicil thereto were admitted to probate and letters testamentary issued to Wilson W. Phraner and Frances P. Wylie.
Under article V, the testatrix bequeathed the sum of $50,000 to her trustees, the complainants herein, in trust, to pay the net income therefrom to her sister, Mary S. Stone, for life, and upon her death the principal to become a part of the testatrix' residuary estate to be distributed in accordance with her will.
By article VII testatrix bequeathed the sum of $50,000 to her trustees, in trust, to pay the net income for the support, maintenance, and use of Margaret Kipp Todd, for life, and upon her death to pay the principal to Elizabeth P. Bowles, Frances Phraner, Mary Sumner Phraner and Mary A. Phraner, or their heirs, share and share alike, per stirpes and not per capita.
In article IX of her will, the testatrix provided:
"I direct that the trusts created in Paragraphs V and VII of this my Will shall be entitled to interest at the rate of five per centum per annum from the date of my death until the payment of the corpus *Page 286 
of said trusts to the trustees; such interest shall be chargeable to my residuary estate and shall be treated as income and paid as such to the beneficiaries entitled thereto."
Under article I of the codicil to her will she provided:
"In order that my estate may not be needlessly sacrificed, I direct that my executors or their successors shall have, in their discretion, three years in which to settle my estate and to pay out the general legacies set forth in Paragraph IV of my Will, and that said legacies therein mentioned shall not be entitled to interest if these amounts are paid to said general legatees within three years from my death. I further direct that my executors, in their discretion, shall have three years in which to pay over to the trustees named in my Will the amounts set forth in Paragraphs V and VII of this my Will, but shall pay interest thereon to the legatees, as provided in Paragraph IX of my Will."
The complainants have substantially completed the administration of the estate and have paid all inheritance taxes due to the State of New Jersey and all federal estate taxes which they concede to be properly due; that after having paid said taxes and all other appropriate charges, and after making proper reservations for the payment of commissions and counsel fees, there will be insufficient funds to pay all of the general legacies at this time, and that it can be reasonably anticipated that the residuary legatee will at no time receive any part of her said legacy or, at best, a very small percentage thereof.
Complainants have paid to the general legatees, including themselves as trustees under the aforesaid trusts, fifty-five per cent. of said legacies — forty per cent. thereof during February, 1944, and the remaining fifteen per cent. during October, 1944. They anticipate at the time of their first accounting they will be able to pay an additional two per cent. on account of the general legacies, and that when distribution is finally made they will be able to pay approximately sixty-five per cent. of each of the general legacies.
On May 27th, 1925, the testatrix transferred by instrument in writing to Wilson W. Phraner, as trustee, certain securities and therein provided for the payment of the net income from said securities to certain designated life beneficiaries, and upon their respective deaths to pay the corpus thereof to Jean Yecker, Frances Short, and Elizabeth Steuart, if they be then *Page 287 
living at the death of the last surviving life tenant, share and share alike, or to the survivors or survivor of them, in equal portions. The trust indenture further provided that if none of the named remaindermen be living, then the principal of said trust shall be paid over to the executor or executors designated in the last will and testament of the testatrix.
The Commissioner of Internal Revenue of the United States, because of the language in the indenture, proposes to treat said remainder interests of said trust as a part of the estate of Elizabeth B. Stone, deceased, and has computed the value thereof at $10,356.39. The complainants allege that they are resisting the claim of the Collector of Internal Revenue.
Under article X of her will, the testatrix provided as follows:
"I direct that all inheritance or transfer taxes levied against my estate or any portion thereof shall be paid out of my residuary estate and also the trustees' commissions for receiving the trusts expressed in Paragraphs V and VII of this my Will shall be paid out of my residuary estate and also the trustees' commissions for receiving the trusts expressed in Paragraphs V and VII of this my Will shall be paid from my residuary estate at the time of the setting up of the trust."
Under article III of her will, the testatrix exercised the power of appointment vested in her under the terms of the will of her mother, Mary M. Stone, deceased, as follows:
"I give, devise and bequeath my portion of the residuary estate of my mother, Mary M. Stone, hereby executing the power given me by her will, to the children and children of deceased children of my sister, Caroline M. Phraner, me surviving, share and share alike, per stirpes and not per capita."
This portion of the appointed estate under the federal estate tax laws was included in the decedent's estate for federal estate tax purposes and was computed to have a value of $47,686.40.
In addition to the provisions set forth in article X of her will relating to the payment of commissions to the trustees, the testatrix under article XIV of her will provided as follows: *Page 288 
"I give to my executors and trustees, and I direct that they be allowed as compensation for their services as such, the same commissions as executors and testamentary trustees may at the time of my death be allowed by the laws of the State of New York, and I further direct that the trustees shall be allowed to deduct all commissions on income paid beneficiaries at the time of payment. This provision being made in lieu of any allowance or commission made by the laws or practice of any jurisdiction in which my estate may be situated."
Nine specific questions are presented for determination. Questions which involve the same principle of law will be answered under Point I. The questions presented are:
A. Under article IX of the testatrix' will are the beneficiaries of the trusts created under articles V and VII entitled to interest at the rate of five per cent. per annum from the date of decedent's death on $50,000, the principal amount of each of said trusts, and if not at five per cent. at what rate?
B. Whether under article IX of said will, the beneficiaries of the trust created under articles V and VII thereof are entitled to interest with respect to any portion of the principal of said trusts after the receipt thereof by the trustees of said trust?
C. Whether under article X of said will, the taxes therein mentioned include taxes levied with respect to any of the property forming the subject of the trust created by the testatrix on May 27th, 1925?
D. Whether the beneficiaries under said trust indenture are required to account to complainants or reimburse complainants for any part of the federal estate tax liability of the decedent's estate?
E. Whether under article X of the testatrix' will, the taxes therein mentioned include taxes levied with respect to the property appointed by the decedent under article III of her said will?
F. Whether the appointees of the property appointed by the decedent under article III of her said will are required to account to complainants for any part of the federal estate tax liability of the decedent's estate?
G. Whether under article X of testatrix' will, the trustees *Page 289 
of the trusts created in articles V and VII thereof are entitled to commissions at the time of the setting up of any part or parts of said trusts, and if not at what time or times?
H. Whether under article XIV of said will, the trustees of the trusts created under articles V and VII thereof are entitled to such commissions as are allowed by the laws of the State of New York, and if not at what rates and in what manner?
I. Whether under article XIV of said will, complainants are entitled to executors' commissions as are allowed under the laws of the State of New York, and if not at what rates and in what manner?
 I.
Generally, interest is not payable upon a legacy until one year after testator's death (now changed to eighteen months. R.S.3:26-1; P.L. 1943 ch. 82). However, if a contrary intention appears from the contents of the will, interest upon a legacy is payable from the time fixed in the will.
In re Short's Estate, 87 N.J. Eq. 276; 99 Atl. Rep. 609,
Vice-Ordinary Leaming stated the rule as follows:
"The general rule touching interest on legacies is that interest is payable on a general legacy from one year after testator's death. It is specifically pointed out in Davison v.Rake, 45 N.J. Eq. 767, that this rule is of ancient origin and founded on general convenience, and bequests must be understood to have been made with reference to it. This rule has been enforced with uniformity in all cases in which testator has not fixed some other period for the payment of the legacy. But where the will fixes a time for the payment of the legacy the legacy will draw interest from that time. Accordingly, the general rule has at times been phrased that interest commences to run when the legacy is demandable. This statement of the rule fully satisfies ordinary conditions; thus, when a specific time is fixed by the will for the payment of the legacy, it is demandable at that time and will draw interest from that time, or, if payable on the happening of a specific contingency, such as the death of a life tenant, it is first demandable at that time and will draw interest from *Page 290 
that date, providing the death of the life tenant occurs after the expiration of one year from the death of testator; but the inaccuracy of that general statement of the rule, when applied to all circumstances, is disclosed in Davison v. Rake, supra, where it was held that the circumstance that where no time for payment is fixed by a will our statute gives executors one year after the date of probate of a will in which to pay a general legacy is not operative to modify the rule that interest on a general legacy will begin to run at the expiration of one year from the death of testator. And, again, in Warwick v. Ely,59 N.J. Eq. 45, it is held that while provisions of a will, similar to provisions of the sixth item of the will here in question, giving to executors three years to settle the estate, were clearly operative to deny to a general legatee the right to require payment of his legacy before the end of that period, yet the provisions were not operative to deny interest to the legatee after the expiration of one year from testator's death."
In Caldwell National Bank v. Rickard, 103 N.J. Eq. 516;143 Atl. Rep. 745, the testator under the seventh paragraph of his will gave to his executor in trust the sum of $16,000 to pay the net income to Hamilton and Elizabeth Rickard so long as either of them shall live. Hamilton Rickard, one of the life tenants, died after the probate of the testator's will, and Elizabeth Rickard, the surviving life tenant, claimed she was entitled to interest on the trust fund created for her benefit from the date of the testator's death. Vice-Chancellor Berry decided that the life beneficiary was not entitled to interest from the date of the testator's death, and stated:
"* * * The theory upon which the claim for interest from the date of the testator's death is made is that this clause creates an annuity in favor of this defendant and thus falls within one of the exceptions to the general rule respecting interest on general legacies in trust as laid down in Welsh v. Brown,43 N.J. Law 37. It seems quite plain to me, however, that this question is controlled by the general rule and not by any of the recognized exceptions. The distinction between an annuity and a legacy of a specific sum, the interest or income of which is payable to a life-tenant, is clearly stated *Page 291 
in the case cited. I shall hold, therefore, that this defendant is not entitled to interest on this trust fund accruing until beginning one year after the death of the death of testator. * * *"
The testator in Union County Trust Co. v. Gray, 110 N.J. Eq. 270; 159 Atl. Rep. 625, bequeathed his residuary estate in trust and directed that it should be divided into three parts, the net income from one part to be paid to his widow for life; the net income of another of said parts to his daughter, Anne Randolph Gray, for life, and the net income from the remaining part to his daughter, Ruth Watson Buchanan, for life. The court therein held that the income from the residuary estate was payable to the life tenants as of the death of the testator, and that interest was payable from that time.
In Rowe v. Rowe, 113 N.J. Eq. 344; 167 Atl. Rep. 16, the testator directed that his wife be paid annually the income from $90,000 for and during her natural life. Although this bequest is similar to the bequest construed in Union County Trust Co. v.Gray, supra, Vice-Chancellor Berry held that the legacy in question was merely one in trust and not an annuity, and that interest began to run one year after the death of the testator.
The Court of Errors and Appeals in Summit Trust Co. v.McAuley Water Street Mission, 125 N.J. Eq. 505; 6 Atl. Rep.
2d 406, concluded that the legatees therein claiming interest upon their respective legacies were entitled to interest upon the several amounts due them from and after one year after the testator's death. The court cited In re Short's Estate,supra.
In Camden Trust Co. v. Wolfe, 131 N.J. Eq. 437;25 Atl. Rep. 2d 915. although instructions were not sought with reference to the third paragraph of the testator's will, wherein he bequeathed one-third of his personal estate to his widow in lieu of dower, the court stated that the legacy being a general one in lieu of dower, there could be no question that interest was payable from one year after the decease of the decedent.
In the instant case, the testatrix under the ninth article of her will expressly directs that the trusts created under *Page 292 
articles V and VII thereof shall be entitled to interest at the rate of five per cent. per annum from the date of her death until the payment of the corpus of the said trusts to the trustees. Although article I of her codicil directs that her executors shall have in their discretion three years in which to settle her estate and pay out the general legacies mentioned in article IV, and that they shall have three years in which to pay over to the trustees the amounts designated in articles V and VII, she reiterates her express intention as to the payment of interest upon the principals of said trusts by stating "but shall pay interest thereon to the legatees, as provided in Paragraph IX of my Will." I shall hold that by the use of the aforesaid language, the beneficiaries of the trusts created under articles V and VII of the will are entitled to interest from the date of the testatrix' death.
Concerning the rate of interest, article IX of the testatrix' will provides for the payment of interest at the rate of five per cent. per annum. The testatrix has designated the rate of interest, and full effect will be given to her directions. The beneficiaries are entitled to interest at the rate of five per cent. 4 Page on Wills (Lifetime Ed.) 542 § 1596.
The complainants say that up to the present time they have paid over to themselves as trustees of the trust created under articles V and VII of the will fifty-five per cent. of the principal amounts thereof, and that they will be able to pay to themselves as such trustees within the three years period as provided in article I of the codicil sixty-five per cent. of the total amounts of the trusts.
The complainants allege that they are in doubt upon what amounts interest is payable. The rule relating to such payments is laid down in 69 C.J., § 2671, p. 1273, thus:
"* * * The interest is to be computed and paid on the amount or value of the legacy as ascertained. Where partial payments have been made on a legacy, the amount due to the legatee is to be ascertained by making annual rests, adding the interest each year to the principal, and deducting the payments made during the year, the residue being a new principal, provided, of course, this mode of computation does not result in allowing compound interest. Where an estate is insufficient to pay legacies in full, and they are ratably diminished, or abated, the interest is correspondingly diminished. * * *." *Page 293 
In construing a decedent's will, full force and effect to the intention of testatrix as expressed in her will, so long as such intention is not contrary to law or illegal will be given by the court. In the instant case, the testatrix has expressed an intention which is contrary to the rule expressed in 69 C.J., §2671, p. 1273, supra, and therefore that rule should not apply. In the ninth article the testatrix has expressly stated that the trusts created under articles V and VII shall be entitled to interest from the date of her death, and that such interest should be treated as income and paid to the beneficiaries of the trusts until the trusts are set up. She seems to have anticipated that sometime would elapse before her executors could complete their administration and be in a position to pay over to themselves as trustees the corpora of the respective trusts, and in the interim it was her expressed intention that the beneficiaries receive interest by way of income. Since she intended that the beneficiaries receive interest during the years pending the setting up of the trusts, I conclude that she intended that interest be paid upon the respective sums of $50,000 and not upon any diminished amount.
 II.
Under article X of her will, the testatrix directed that all inheritance or transfer taxes levied "against my estate or any portion thereof shall be paid out of my residuary estate * * *."
The Commissioner of Internal Revenue in assessing the decedent's estate under the provisions of the Federal Estate Tax Act has included as a part of the said decedent's estate the remainder interest created under the trust indenture dated May 27th, 1925, and computed the value thereof as $10,356.39. The question presented is whether the testatrix intended by the use of the language embodied in article X of her will, that her residuary estate be charged with the payment of that portion of the tax assessed against her estate by reason of the inclusion therein of the trust res. *Page 294 
In each instance where that question has been presented in this state our courts have decided the same by ascertaining the intention of the decedent.
In the case of Gaede v. Carroll, 114 N.J. Eq. 524;169 Atl. Rep. 172, it was held that the executors of the decedent's estate therein were entitled to reimbursement from the testator's widow for federal estate taxes assessed against the said decedent's estate, by reason of the inclusion therein of life insurance policies and real estate owned by the decedent and his wife as tenants by the entirety. The testator had directed that "any and all inheritance taxes whatsoever, that may be levied or assessed against the share herein given by any of the provisions hereunder to my said wife, shall be paid out of my said estate, it being my intention and wish that the bequests or provisions herein made to her or for her benefit shall go to her free from any and all inheritance or other taxes." It was contended that by virtue of the aforesaid language, all taxes were properly chargeable to the residuary estate, and that the executor was not entitled to reimbursement from her.
"`It is urged,'" said the court, "`in behalf of the testator's widow that all taxes paid by the testator's executor were properly chargeable to the residuary estate, and that the executor is not entitled to reimbursement from her for taxes represented by Glen Ridge property and insurance moneys received by her. The concluding part of the aforesaid testamentary clause expressing the testator's intention and wish that the bequests or provisions herein made to her or for her benefit shall go to her free from any and all inheritance or other taxes' manifests that the testator did not contemplate payment from his estate of taxes on the Glen Ridge property (title to which was held by testator and his wife as an estate by the entirety) or of taxes on moneys payable directly to his widow, on policies of insurance issued upon his life in which she was designated as beneficiary. The fact that the executor was obliged under federal laws to include the amount of insurance carried on the life of the testator as part of the testator's gross estate for the purpose of computing federal inheritance taxes payable is of inconsequence in the matter sub judice. *Page 295 
The federal law required the executor to pay from the testator's estate the amount of inheritance taxes payable on such insurance moneys which were included as part of testator's gross estate, but, notwithstanding, the testator's widow as beneficiary named in the policies of insurance and to whom the insurance money was paid is required to reimburse the executor therefor. The fact that the testator reserved in his contracts of insurance the right to make a change in the designation of the beneficiary named in the policies issued upon his life is of no consequence in the matter sub judice as between the executor and the testator's widow. The federal law contemplates payment of inheritance taxes by executors, and the executors are entitled to reimbursement from the person receiving the moneys upon which the inheritance tax is paid, and if such person and the executor cannot agree with respect to such reimbursement recourse may be had to the state courts for a settlement of the matter.'
"We agree with these conclusions. The federal statute specifically provides for reimbursement by the beneficiary of life insurance policies to the executor for taxes paid, and the will in the instant case cannot be said to impose this tax upon the residuary estate.
"With respect to the tax on the estate by the entirety, we feel that the provision of clause nine of the will likewise controls. The federal statute provides that no apportionment of the tax among persons liable shall be made by the taxing authority. The cases hold that this is a matter for settlement in the state courts. Edwards v. Slocum, 287 Fed. Rep. 651; affirmed,264 U.S. 61; 68 L.Ed. 564. It has been held in Massachusetts that `where no other provision is made, taxes must be paid out of the residue of the estate.' Bemis v. Converse, 246 Mass. 131;140 N.E. Rep. 686. However, in the instant case there is another provision, because the fair interpretation of the ninth clause of the will is that the residue is made liable for all taxes on provisions made for the wife by the will, and for nothing else in the way of taxes for her benefit. Mrs. Carroll, of course, took nothing by the will with respect to the real estate held by her and her husband as tenants by entireties. Her estate was not enlarged by the *Page 296 
death of her husband, but she became entitled to the use and enjoyment of the whole. Den v. Hardenbergh, 10 N.J. Law 49.
So that, without deciding what the result might be if there were no expression in the will, we conclude that the executor is entitled to reimbursement from the widow for the tax in question under the provision in the ninth clause of the will. * * *"
See, also, Commercial Trust Co. v. Millard, 122 N.J. Eq. 290; 193 Atl. Rep. 814; Morristown Trust Co. v. Childs,128 N.J. Eq. 524; 17 Atl. Rep. 2d 559; Marks v. EquitableLife Assurance Society, 135 N.J. Eq. 339; 38 Atl. Rep. 2d833; Palmer v. Palmer, 135 N.J. Eq. 516; 39 Atl. Rep. 2d438.
In Palmer v. Palmer, supra, the will provided under the eighth paragraph thereof "* * * that all estate, legacy, transfer, inheritance, and succession taxes which may be imposed, chargeable or payable upon my estate or any legacy, bequest or devise herein, * * * shall be a charge against and shall be paid from my residuary estate." It was held "that under the eighth article of the will of Edgar Palmer, the taxes therein mentioned include only taxes upon property passing by the will itself and exclude all taxes upon property forming the subject-matter of theinter vivos trusts; that the executors are entitled to reimbursement from such of the trusts as shall be held to be part of the taxable estate of Edgar Palmer for the taxes for which the executors may be held liable in the first instance because of the inclusion of such trusts; * * *."
Complainants are advised that the federal estate taxes proposed to be assessed by inclusion in the decedent's estate of the trust property under the indenture of trust dated May 27th, 1925, should, when paid by the executors, be repaid to them out of the trust. Only those taxes which are levied against the estate or any portion thereof are to be paid from the residuary estate. The trust estate forms no part of the decedent's estate, and the taxes in article X of the will mentioned include only taxes upon the property passing by the will itself and exclude all taxes upon the property forming the subject-matter of the trust. *Page 297 
 III.
Testatrix exercised a power of appointment over a portion of the residuary estate of her mother, Mary M. Stone, in the third article of her will. The article reads as follows:
"I give, devise and bequeath my portion of the residuary estate of my mother, Mary M. Stone, hereby executing the power given me by her will, to the children and children of deceased children of my sister, Caroline M. Phraner, me surviving, share and share alike, per stirpes and not per capita."
The executors contend that, by reason of the provision contained in article X of the testatrix will, they are entitled to reimbursement from the appointees for that portion of the federal estate taxes which the value of the property appointed bears to the decedent's net taxable estate.
In Fidelity Union Trust Co. v. Suydam, 125 N.J. Eq. 458;6 Atl. Rep. 2d 392, Joseph A. Ward died testate and bequeathed his residuary estate in trust, to pay the net income therefrom to his widow, Lucretia B. Ward, for life, and gave to her a power of appointment to be exercised by her last will and testament. Mrs. Ward thereafter died testate and in her will exercised the power of appointment, wherein she stated "In the exercise of the power of appointment given to me by the last will and testament of my late husband, Joseph A. Ward, I direct the surviving executor and trustee under the will of my said husband to distribute the trust fund held by it under said will as follows: * * *." She further provided that her executor pay from the residue of her estate all inheritance or estate taxes, both state and federal, levied or assessed "against gifts herein made * * *." Under the provisions of the Federal Estate Tax Act, the property over which Mrs. Ward exercised the power of appointment was included in her estate and a federal estate tax of $13,634 was assessed. The tax added to estimated administration expenses, c., exceeded her residuary estate. The question was whether that portion of the tax assessed against property over which she exercised the power of appointment should be paid by her estate or chargeable to the appointees of her husband's *Page 298 
estate. It was held that the property appointed was not a part of Mrs. Ward's estate. The opinion (at p. 463) reads:
"* * * Mrs. Ward disposed of her own estate by the usual phrase `I give and bequeath.' She disposed of her husband's estate in this wise: `In the exercise of the power of appointment * * * I direct the surviving executor and trustee under the will of my said husband to distribute the trust fund held by it under said will as follows: (a) $50,000 thereof to my niece Edith Wilmore Suydam,' c.
"It is well established that the appointees take, not from the person who appoints but from the original testator. * * *, Mrs. Ward being only the indicator pointing out to whom his bounty should go. McCook v. Mumby, 64 N.J. Eq. 394; Hoyt v.Hancock, 65 N.J. Eq. 688; Crane v. Fidelity Union Trust Co.,supra. Strictly speaking, the appointments were not `gifts' made by Mrs. Ward. The radical difference in language between her disposal of her own estate and that of her husband's estate, indicates that she realized that the latter estate was not her gift. * * *
"It seems to me that the testatrix did not intend her express direction to pay taxes to cover so much of the federal estate tax as relates to the appointed property, and so the rule of theGaede Case applies. The tax should be borne by the two estates in proportion to the net assets of each for tax purposes. The tax will be considered in respect to each estate as if it were an administrative expense; that is, it will diminish the estate before distribution regardless of whether or not the distributees are charities. Young Men's Christian Association v. Davis,264 U.S. 47; 44 Sup. Ct. 291. * * *"
The use by testatrix in the third article of her will of the language "I give, devise and bequeath my portion of the residuary estate of my mother * * *" does not indicate an intention that the testatrix intended the tax assessed against such property to be paid from her estate, since it is restricted or limited by the following: "* * * hereby executing the power given me by her will * * *." By the use of the language, wherein she says she is executing the power of appointment, the testatrix, it seems to me, clearly indicated that she understood she was merely a conduit for the distribution *Page 299 
of that portion of her mother's residuary estate from which she enjoyed the income during her life, and, as stated in FidelityUnion Trust Co. v. Suydam, supra, she did not intend in her direction to pay taxes to cover that part of the federal estate tax relating to the appointed property and that the appointees should reimburse the executors of the decedent's estate for taxes so paid.
 IV.
Under article X the testatrix directed that the trustees under articles V and VII be paid their commissions for receiving the said trusts out of her residuary estate, and in article XIV she directed that her executors and trustees be allowed as compensation for their services as such the same commissions as executors and testamentary trustees may at the time of her death be allowed by the laws of the State of New York.
Ordinarily commissions in this state are allowed to testamentary trustees in accordance with the provisions of R.S.3:11-2. However, under the provisions of R.S. 3:11-5, where provision is made in a will for compensation to a testamentary trustee, such provision shall be deemed full satisfaction for such services in lieu of the commissions set forth in our statute unless the trustee shall by writing renounce all claim to the compensation provided in the will. Heath v. Maddock, 83 N.J. Eq. 681; 94 Atl. Rep. 218. Here, the testatrix has directed that compensation be allowed to the testamentary trustees in accordance with the laws of the State of New York, and the trustees are bound to accept such commissions unless they renounce in accordance with the foregoing provisions of our statute.
The right of testamentary trustees to commissions is governed by the law in force when their accounts are settled or at the time their commissions are fixed. Matter of Potter, 106 Misc. 113; 175 N.Y.S. 598; Matter of Barker, 230 N.Y. 360;130 N.E. Rep. 579. These cases appear to be the law in effect in the State of New York at this time, and counsel seems not to have found any authority overruling or superseding them. *Page 300 
Commissions to testamentary trustees in the State of New York are allowed under the provisions of the Surrogate's Court Act. The present act provides that a testamentary trustee may retain for his services in such capacity the following commissions on income and principal:
A. From income: (1) Six per cent. on the first $2,000 collected in each year. (2) Three per cent. on the next $10,000 collected in each year. (3) Two per cent. on the balance of income collected in each year.
B. From principal: The testamentary trustee may retain an amount annually equal to the income commissions for each such year, plus an amount equal to ten per cent. of such income commissions during each year.
C. Upon distribution, a testamentary trustee is entitled to receive from the principal: (1) Five per cent. on the first $2,000 distributed. (2) Two and one-half per cent. on the next $20,000 distributed. (3) Two per cent. on the balance of thecorpus distributed. (4) If distribution be made within five years from the date of the trustee's qualification, his commissions shall be one-half of the above rates.
As testamentary trustees in New York are only entitled to commissions as allowed by the law in force at the time their accounts are settled or commissions fixed, the trustees herein are not entitled to any commissions for receiving the principal amounts of the trusts created under articles V and VII of the testatrix' will, and they are entitled to those commissions as herein above set forth or such commissions as may be allowed by the statutes of New York from time to time until the trusts are fully administered.
 V.
The statutory provisions and the cases cited under the fourth point, with the exception of the provisions of the Surrogate's Court Act stating the commissions payable to testamentary trustees, are applicable as well to the executors.
Commissions payable to executors are also found in the provisions of the New York Surrogate's Court Act. It is *Page 301 
there provided that commissions are allowed on settlement of accounts as follows:
(a) Five per cent. for receiving and paying out the first $2,000. (b) Two and one-half per cent. for the next $20,000. (c) One and one-half per cent. for the next $28,000. (d) Two per cent. for all above $50,000. (e) Where an executor is required to collect rents and manage real property, he is allowed five per cent. of the rents collected in addition to the commissions herein above stated.
The complainants-executors are therefore entitled to such commissions for their services upon the settlement of their account as provided by the above stated provisions of the New York Surrogate's Court Act or the provisions of the statute as they may be at the time their commissions are allowed. They may, however, renounce their claim in writing to the compensation provided in the will and elect to receive commissions as provided under the provisions of our statute, R.S. 3:11-2.
Decree will be advised in accordance with the foregoing conclusions.